## MAGUIRE vs. THE MAYOR, etc., of CARTERSVILLE.

The statements in this declaration are sufficient, if proved at the trial, to entitle the plaintiff to damages for the alleged injury to his premises by the creation and maintenance of the nuisance complained of, as this court decided in 73 *Ga.*, 523. Therefore, it follows that there was error in sustaining the demurrer and dismissing the case.

Judgment reversed.

December 22, 1885.   (Head-note by the court.)

HALL, Justice.

[Maguire brought case against the Mayor and Aldermen of the city of Cartersville to recover $1,000 damages. The body of the declaration was as follows:

"For that, heretofore, to-wit, on the first day of January, 1875, and also on the first day of January, 1876, and the first day of January, 1877, and on the first day of January, 1878, he was lawfully seized and possessed of the following described real property, within the corporate limits of said city of Cartersville, to-wit, (describing it), upon which your petitioner had his residence, garden, well and other buildings, and from that time hitherto has lived with his family, and also had thereon two other houses occupied by his tenants, which he was accustomed to rent, and which were of great use and value to him or rent; and the said the Mayor and Aldermen of the city of Cartersville, afterwards, to-wit, on the day and year aforesaid, at, to-wit, in the county aforesaid, constructed, cut, kept up and maintained a certain ditch upon and along said Church Street and to said Tennessee Street, and a certain other ditch along said Tennessee Street to said Church Street, and in the digging and excavation of said ditches, threw up and maintained and kept up embankments along the cen-

ter of said streets, both said Tennessee Street and the said Church Street, and constructed, kept up and maintained upon and over said ditches and upon said streets and adjacent to and adjoining said lands of your petitioner, several culverts, underdrains, bridges and embankments, and built and constructed and kept up and maintained divers other works, by reason whereof, the waters falling upon your petitioner's said lot, were prevented from flowing off your petitioner's said land, as they were wont by nature to flow, and the waters falling upon the neighborhood and adjacent lands, were fl wn back and upon your petitioner's land, and dammed up and kept your petitioner's land overflowed, and injured, polluted and made unwholesome your petitioner's well and prevented your petitioner from cultivating his said garden and lands and using the water of said well and renting out his houses aforesaid, and made your petitioner and his family sick, whereby he was forced to lay out and expend divers large sums of money, and other wrongs and injuries then and there did, to the damage of your petitioner one thousand dollars aforesaid."

The defendants demurred to the declaration on the following grounds:

(1.) For want of proper service, the only evidence of service being the following entry on the declaration:

"Served John Anderson, mayor of the city of Cartersville, with a copy of the within in person, this the 7th June, 1881." (Signed by the deputy sheriff.)

(2.) Because any damages more than four years before the filing of the declaration were barred by the statute of limitations.

(3.) Because there is no such corporation as the Mayor and Aldermen of the city of Cartersville, against whom said suit was brought.

(4.) Because, under the allegations of the declaration, the plaintiff sets forth no legal cause of action under the constitution of 1868 and the laws in pursuance thereof, the said cause of damages being alleged to have been done by defendants prior to the adoption of the constitution of 1877, and therefore " *damnum absque injuria.*"

The demurrer was sustained and the declaration dismissed, and the plaintiff excepted.

For the charter of the city of Cartersville, see Acts 1872, p. 179, *et seq.*]