## LEWIS *vs.* THE CITY OF ATLANTA.

1. Where an action for damages was brought by a married woman alone, without joining her husband with her, to recover from a municipal corporation for personal injuries to her in consequence of obstructions in a street, made by private parties who had accumulated materials for paving the same in front of their residences, and who had left such materials during the night without signal lights or barriers, the plaintiff could not recover for expenses incurr-

ed by her in consequence of the injury, unless actually paid by her, there being no testimony going to show that she was living separate from her husband, that she was a free trader, that she had any separate property, or that she personally undertook to pay these expenses or in any manner bound herself to do so. The married woman's law does not have the effect of giving her the right to recover for such expenses, without joining her husband in the action and without any proof on the points stated.

2. Where material was so left in the street by adjoining property-owners, or persons employed by them, and an ordinance of the city required that they should prepare and place lights thereon during the night, so as to warn persons passing along the street of such obstructions, but in violation of it lights were not so placed, if the proper agents or officers of the city had notice of such failure and neglected to place such lights themselves or to require it to be done, or if the failure occurred for a sufficient length of time before the injury to have required the proper agent or officers of the city to have known of it in the exercise or ordinary care and diligence, and they failed to place the lights themselves or require it to be done, and a passenger along the street was injured by reason of such failure to provide lights, and could not have avoided the injury by the exercise of ordinary care, then such passenger could recover therefor; but if the agents or officers of the city did not have notice of the failure to light the obstruction, and such failure did not occur for a sufficient length of time before the injury, so that they ought to have known of it in the exercise of ordinary care and diligence, then the plaintiff could not recover. There was no error in charging to this effect and refusing to charge to the contrary.

(*a.*) This case differs from that of the *Mayor, etc. of Savannah vs. Donnelly*, 71 *Ga.* 258, 259.

October 19, 1886.

Husband and Wife. Damages. Streets and Sidewalks. Municipal Corporations. Before Judge MARSHALL J. CLARKE. Fulton Superior Court. March Term, 1886.

Margaret Lewis sued the city of Atlanta and alleged that she was injured while passing along Peachtree street; that her injuries were because of obstructions left in the street by parties who were paving it, and because the obstructions were not lighted, nor were the street lamps lighted. The evidence need not be stated. The jury found a verdict for the plaintiff for one hundred dollars. She moved for a new trial on the following grounds:

(1.) Because of the following charge : " If materials for the construction of the sidewalk were properly placed by the adjacent property-owners, or by those employed by them for that purpose, the city ordinance introduced in evidence required that they should prepare and place lights thereon during the night-time, so as to warn persons passing along the street of their presence, that they might avoid injury, and if they failed to do so and the proper agents or officers of the city had notice of such failure, and neglected to do it themselves or require it to be done, or if the failure occurred for a sufficient length of time before the injury as would require proper agents or officers of the city to have known of it, in the exercise of ordinary care and diligence, and they failed to do it themselves or require it to be done, and the plaintiff was passing along the street and was injured by reason of such failure to provide lights, if that was the chief or preponderating cause of the injury, and she could not have avoided the injury by the exercise of ordinary care on her part, then she can recover for the injury.   But if the agents of the city did not have notice of the failure to light the obstructions, or such failure, if it occurred at all, did not occur for a sufficient length of time before the injury as such agents or officers of the city ought to have known of it in the exercise of ordinary care and diligence, then the plaintiff cannot recover."—The movant insists that, instead of this charge, the court should have instructed the jury that it was the duty of the city to superintend the work going on in the street, and see to it that the street was left safe for passengers.

(2.) Because the court charged that, if the plaintiff was a married woman at the time of the injury, she could not recover for any expense incurred by her in consequence of the injury, unless actually paid by her, because she would not legally be liable for it.

(3.) Because the court refused to charge as follows : " Plaintiff's counsel request the court to charge that, when

paving of sidewalks is being done in the city, whether by a contractor or immediately under the direction of the city, the city is bound to see to it that the street is kept in a safe condition."

(4.) Because the verdict is strongly and decidedly against the weight of the evidence, is without evidence to justify so small a recovery for the plaintiff, and is against law.

The motion was overruled, and the plaintiff excepted.

John C. Reed; G. T. Osborn, for plaintiff in error.

J. B. Goodwin; J. T. Pendleton, for defendant.

Hall, Justice.

1. There is but one ground of error alleged in this record on which the plaintiff, in the argument of her counsel here, confidently relies for a reversal of the judgment, and that is contained in the second ground of the motion for a new ·trial, and is as follows: Because the court charged that if the plaintiff was a married woman at the time of the injury, she could not recover for expenses incurred by her in consequence of the injury, unless actually paid by her, because she would not be legally liable therefor.

The husband was not joined with the wife in this action, which was brought for personal injuries to her, in consequence of obstructions in the streets of Atlanta, made by private parties, who had accumulated materials for paving the same in front of their residences, and who had left these materials during the night without the accustomed signal to warn foot-passengers along the street of their presence, or without surrounding them with barriers to protect persons going on the street from encountering them. There was proof that expense was incurred for medicine, nursing and the attendance of physicians engaged to heal and cure the plaintiff of her wounds and bruises. The amounts charged by the physicians were also in evidence, but there was no testimony going to show that the plain-

tiff was living separate from her husband ; that she was a free-trader under our law; that she had any separate property ; or that she personally undertook to pay these expenses, or in any manner bound herself to do so.

Notwithstanding all the property of the wife at the time of the marriage remains her separate property, and that all she inherits, or which is given to or acquired by her during the coverture, belongs to her and is not liable for the payment of any debt, default or contract of the husband (code, §1754), yet this does not relieve him of the obligation to support and maintain her, or divest her of the power, as his presumed agent, of purchasing necessaries suitable to her condition and habits of life, and which are to be appropriated to the use of herself and the family. *Id.* §1757. Even where she has separate property, the law is careful in protecting it from obligations assumed on the husband's account, or from sale to pay his debts, or from pledging it as security for the performance of his or any other person's undertaking. Code, §§1785, 1783, and citations under each.

On the other hand, these provisions do not deprive him of the right to recover compensation for torts to her person or reputation; it is only when she is living separate from him that she may sue for such torts and recover for her own use. *Id.* §1755. In like manner, when separated from him, she may enforce contracts made in reference to her own acquisitions. *Id.* As a general rule, she can neither sue nor be sued without joining him in the action, except in cases where the action concerns her separate property, or where it is between herself and her husband, or where she is living separate and apart from her husband. *Id.* §1774. In case the wife had separate property, or was authorized to recover for her own use and in her name compensation for injuries to her person which occurred while she was living with her husband, it would be going, as we think, quite too far to imply, from such circumstances as exist here, an undertaking to pay for the nec-

essaries furnished in relieving her of the consequences of this wrong to her person. We know of no case that goes to that extent; besides, it may admit of serious question, whether this recovery by her would bar the husband's right to maintain his action to recover compensation for this tort; he is certainly entitled to the avails of her ordinary labor and to her society. There is nothing in the evidence to show that he either acquiesced in or consented to the proceeding; indeed, his rights in the premises seem to have been ignored, and he appears to have been regarded as a mere nonentity.

2. The other question of law in this case is made by the charge given and that refused, as set forth in the 1st and 3d grounds of the motion for a new trial, and relates to the duty of defendant, when the paving of the sidewalk is being done by the owners of the adjoining lots, to superintend the work, and to see to it that the obstruction in the street, caused by the collection of material used in the work, is properly lighted at night and is surrounded by sufficient barriers to protect persons passing along the way from encountering the obstruction. The charge as given, we think, was correct as applied to the facts in this case, and that requested, being opposed to it, was properly refused. The case of the *Mayor, etc. of Savannah vs. Donnelly*, 71 *Ga.* 258, 259, is distinguished from this by the fact that special permission had to be obtained to make the improvement, which the party was compelled to complete within a specified time. The city was thus notified of the obstruction and should have taken steps to remedy it. No such facts exist here, and there is nothing to show that the defendant had any notice of the alleged violation ofthe ordinance by owners of adjacent lots in laying the sidewalk in question. Assuming that the plaintiff had the right to maintain this action in her own name, and if there had been no conflict in the evidence upon the subject of her own negligence in contributing to the injury she sustained, which was certainly very serious, then we might

have concluded that the damages found were inadequate; but with these mitigating facts, we could not reach that conclusion without unwarrantably interfering with the province of the jury, and so we must order the judgment affirmed.