THE MAYOR AND COUNCIL OF CARTERSVILLE *v.* MAGUIRE.

1. It is not clearly apparent on the face of the declaration that some of the damages claimed were barred by the statute of limitations; but if this did appear, there being a cause of action set forth for damages not barred, it was too late to demur specially to the former at the trial term, the objection not being one which would be available in arrest of judgment.

2. The rule that objections to evidence admitted over objection must appear applies to the present case, even if the evidence complained of was not admissible.

3. The evidence, though conflicting and some of it obscure, warranted the verdict if the jury so believed.

*January 8, 1890.*

Damages. Statute of limitations. Practice. Actions. Evidence. Verdict. Before Judge MILNER. Bartow superior court. July term, 1889.

Reported in the decision.

J. B. CONYERS, for plaintiff in error.

E. D. GRAHAM, R. W. MURPHY and R. J. McCAMY, *contra.*

BLECKLEY, Chief Justice.

The declaration was filed June 2, 1881. A copy of it appears in *Maguire v. Mayor, etc. of Cartersville,* 76

*Ga.* 84. The decision then made was upon demurrer, and it was held that a cause of action was alleged. That decision is the law of this case, whether erroneous or not, and the main question for determination now is whether the material facts embraced in the declaration were sufficiently proved at the trial to warrant the jury in finding a verdict for damages in favor of the plaintiff.

1. Before we get to that question, however, we have to dispose of two others, the first of which is whether the court erred in not sustaining a demurrer to so much of the declaration as complains of damages sustained more than four years prior to the bringing of the suit. We think it does not appear upon the face of the declaration that damages were claimed for any period antecedent to January, 1878. True, previous dates are mentioned, at which the plaintiff was lawfully seized and possessed of the premises, but it was added that "the said the Mayor and Aldermen of the city of Cartersville, afterwards, to wit, on the day and year aforesaid, at, to wit, in the county aforesaid, constructed, cut, kept up and maintained a certain ditch upon and along said Church street and to said Tennessee street, and a certain other ditch along said Tennessee street to said Church street, and in the digging and excavation of said ditches, threw up and maintained and kept up embankments along the center of said streets, . . . and constructed, kept up and maintained upon and over said ditches and upon said streets and adjacent to and adjoining said lands of your petitioner, several culverts, underdrains, bridges and embankments, and built and constructed and kept up and maintained divers other works, by reason whereof the waters," etc. All these acts are referred to "the day and year aforesaid," not to the days and years aforesaid, and may well be treated as having occurred on the first of January, 1878, that being the last of the several days mentioned.

Besides, the bill of exceptions states that the demurrer was made in writing at the trial term, and it was then too late to demur specially to any part of the declaration, this court having held, in 76 *Ga. supra,* that a cause of action was set forth, and the twenty-eighth rule of the superior courts (Code, p. 1349) requiring that all matters appearing on the face of the declaration or process, not good in arrest of judgment, shall be taken advantage of at the appearance term.

2. The next preliminary question relates to the admission of evidence. The motion for a new trial, second and third grounds, complains that the court erred "in allowing the plaintiff to prove damages to his property by defendants prior to the adoption of the constitution of 1877," and "in allowing the witness J. A. Howard to testify, over the objection of the defendant, to injuries done to the plaintiff's property subsequent to the filing of his declaration." It is not stated what the objection to this evidence was. Other evidence in the case shows that the alleged nuisance was created, if at all, before the constitution of 1877, and no doubt the object of admitting the evidence was to trace the history of the nuisance from the time it commenced until the trial, not to enable the plaintiff to recover for the damages accruing subsequently to the commencement of the action or for more than four years preceding its commencement, but to throw light upon damages which probably accrued during the four years which the action covered. No doubt the court, in its charge, properly restricted the jury as to the time for which damages were to be estimated. We can take that for granted, as there is no complaint of the charge or of any omission to charge.

3. We now reach the question whether the declaration was sustained by the evidence. The evidence was conflicting. It may have preponderated in favor of the

defendants; but the jury and the court below thought otherwise. The brief of evidence is quite voluminous, occupying one hundred and twenty-four pages. We merely hold that there was some evidence in favor of the verdict, and enough to sustain it, if the jury understood it all and if their construction of it was as favorable to the plaintiff as it might be. Our ignorance of the localities disqualifies us for comprehending the full bearing of much of the evidence. A jury of the vicinage, we may suppose, would labor under no such disability, and we can have no doubt that we ought to concede to them a better understanding of the evidence than we can possibly have. All we can say with absolute certainty is that if the verdict was not warranted, we do not and cannot know it from the record before us.

It follows that the court committed no error in refusing to grant a new trial.          *Judgment affirmed.*