THE RICHMOND & DANVILLE RAILROAD CO. *v.* MITCHELL.

1. While, under section 3310 of the code, the defendant in an attachment case may appear and defend at any time before final judgment, all defenses must be submitted and disposed of in their proper order; and consequently such defendant cannot, after pleading to the merits, and a term has passed, interpose and have

adjudicated special demurrers to the plaintiff's declaration, relating only to matters of form and not vital to the plaintiff's cause of action.

2. The improper language used by counsel for the plaintiff in their arguments to the jury was not, in view of the rebuke administered by the presiding judge and the instructions given by him to the jury with respect thereto, of such character as to authorize the declaring of a mistrial or the granting of a new trial. Its injurious effect, if any, was doubtless counteracted by the action taken by the judge.

3. The plaintiff, an employee of a railroad company, having been injured by a locomotive of the defendant in the State of Alabama, and the employer being, under the law of that State, liable to answer in damages for personal injuries received by an employee in the service or business of the employer, when such injuries are "caused by reason of any defect in the condition of the ways, works, machinery or plant connected with, or used in, the business of the . . . employer," and there being evidence introduced by the defendant from which, in connection with evidence introduced by the plaintiff, the jury could reasonably infer that the track of the defendant at the place where the plaintiff was injured was full of coal and coke, in most places as high as the rails and in some places higher, and was "dangerous for men to switch around at night," that the track had been in this condition for some time, and that the injuries complained of were attributable to these obstructions on the track, a verdict in the plaintiff's favor was not unwarranted.

4. No error requiring the granting of a new trial was committed, either in admitting or rejecting evidence, or in the charges complained of; the requests to charge, so far as legal and pertinent, were sufficiently covered by the general charge; the verdict was not excessive; and on the whole, there was no abuse of discretion in refusing a new trial, especially as this is the second verdict in the plaintiff's favor which has had the approval of the trial judge.
November 26, 1894.

Action for damages. Before Judge WESTMORELAND. City court of Atlanta. May term, 1894.

This is the second appearance of this case before the Supreme Court. See 92 *Ga.* 77. The suit was begun by attachment against the defendant as a non-resident. At the last trial the plaintiff obtained a verdict for $8,000, and defendant's motion for a new trial was overruled. The motion contains many grounds, among

them that the verdict is contrary to law and evidence and is excessive, and the following:

Error in overruling defendant's oral motion to exclude all evidence, and its oral demurrer to the declaration, the motion and demurrer having been made after the jury had been chosen, on the grounds, that the declaration failed to allege that the defendant, the Richmond & Danville Railroad Co., was operating, or had any control of, the railroad described as the Georgia Pacific railway, a lessee not being liable for the acts of a lessor merely because of lease; that the declaration alleged the plaintiff to have been employed by a Virginia corporation, and showed him to have been engaged upon the Georgia Pacific line in Alabama; that there was no averment that defendant had ever been the lessee of the Georgia Pacific Railway Co.; that the declaration failed to set forth plaintiff's cause of action plainly and distinctly, and while declaring on the entire employer's liability act of Alabama, plaintiff had wholly failed to indicate upon which of the several subdivisions of that statute he based his claim for damages; that the declaration was so vague, indefinite and obscure, that defendant was unable to defend against it; that it was not alleged who was the conductor of the train on which plaintiff was injured; that the particulars wherein the railway track was defective, or wherein the engineer was negligent in running his engine, were not sufficiently specified in such manner as to advise defendant of plaintiff's claim; that there was no averment that defendant was doing business in Alabama; and that no cause of action under the Alabama statute was set forth.

In opening argument, Mr. Slaton, of counsel for the plaintiff, referred to statements in evidence of Regan, Shaffer, Bond and Hardee, and used substantially the following language in reference thereto: "Such statements are not worthy of credit. They are made by men

in the employment of defendant, and were doubtless extorted from them by fear of losing their jobs." Defendant's counsel arose and reserved an exception to this language, on the ground that there was no evidence to justify such aspersions upon the persons making such statements or upon the defendant, and that the counsel had gone outside of the record in a manner calculated to inflame the jury; and thereupon moved the court to declare a mistrial on account of such improper statement. The court reproved plaintiff's counsel, who withdrew and retracted the remark. The court also stated to the jury that the remark was improper, and that they must not consider the same, and withdrew from them, as far as it was possible for the court to withdraw it, the effect of such statement. Counsel for the defendant renewed his motion to declare a mistrial, on the ground that such language was uncalled for and unpardonable, and that it was impossible for the court, by a formal withdrawal of such remark from the jury, or caution to them not to be influenced thereby, or for the counsel by a formal retraction of such language, to avoid the natural prejudice which would be excited in the mind of the jury. Defendant's counsel also said that it was just such remarks that caused the Supreme Court to reverse this case before. The court overruled the motion.

Mr. Glenn, of plaintiff's counsel, in his closing argument to the jury, in commenting upon the "contract" by which plaintiff had agreed with defendant not to go in between cars for the purpose of coupling or uncoupling without a stick, which contract was in evidence, stated that the Supreme Court had passed upon that contract, that the case had been to the Supreme Court, and that the jury in the former trial of the case must have given plaintiff a verdict. Defendant's counsel arose and reserved an exception and objection to this language, and to the allusion to the fact that the former

v 95-6

jury had given plaintiff a verdict. The court instructed the jury to withdraw, and defendant's counsel urged the motion to declare a mistrial, on the ground that it was the second instance in the trial where counsel had gone out of the record and had commented in an improper manner upon facts not properly before the jury. Plaintiff's counsel withdrew the remark, and the court instructed the jury that they were not concerned at all with what any former jury had done in the case, and must not be influenced by allusions to what such jury had done or had not done. Thereupon defendant's counsel insisted upon a mistrial, on the ground that it was impossible for the court, by withdrawing such language from the jury and by instructing them not to be influenced thereby, to relieve defendant of the effect produced by such statement, and that it was impossible for counsel, by a withdrawal of such language or by any such disclaimer, to relieve defendant of the prejudice naturally to be excited in the mind of the jury by reference to a former verdict in the same case. The court refused to declare a mistrial.

JACKSON & LEFTWICH, for plaintiff in error.
GLENN & SLATON, *contra.*

LUMPKIN, Justice.

Section 4191 of the code provides that all demurrers to bills in equity (now called equitable petitions) must be made at the first term; and rule 28 of the superior courts provides that: "All matters appearing on the face of the declaration or process, that would not be good in arrest of judgment, shall be taken advantage of at the first term, and be immediately determined by the court." New Rules of Court (1893), page 13; Code, page 1349. This rule is, of course, applicable to actions at law. It is well settled, however, in Georgia practice, that in actions either at law or in equity a motion to dis-

miss, based upon the ground that the declaration or petition fails to state a cause of action, may be entertained even at the trial term.

As to defects of form, we understand it now is, and has ever been, the rule that advantage of them must be taken by special demurrer at the first term. The section of the code first above cited settles this question as to equity practice, and we think the rule of court settles it as to proceedings at law. Such seems to have been the opinion of CRAWFORD, Justice, in *Maddox* v. *The County of Randolph*, 65 *Ga.* 216, which was an action for damages brought on the law side of the court. On page 217 he uses the following language: "All objections appearing upon the face of the declaration which would not be good in arrest of judgment should be taken advantage of at the first term, and a demurrer should have been taken at that time to have brought the defendant within the rule of court; and as that term had passed and the general issue had been filed, this was a defence more appropriate to plea than motion." This view is also supported by *Mayor & Council of Cartersville* v. *Maguire*, 84 *Ga.* 174. It appears that Maguire had brought an action against the municipal authorities to recover damages alleged to have been caused by the creation and maintenance of a nuisance. The defendants demurred to the declaration on various grounds, one of which was that it set forth no legal cause of action. The demurrer was sustained and the declaration dismissed, and upon writ of error the judgment was reversed, this court holding that the allegations in the declaration were sufficient, if sustained by proof at the trial, to entitle the plaintiff to damages. See 76 *Ga.* 84. The next trial of the case in the superior court resulted in a verdict for the plaintiff, and the case was again brought to the Supreme Court, one of the errors assigned being the refusal of the trial judge to sustain a demurrer

to so much of the declaration as complained of damages occasioned more than four years prior to the bringing of the suit. With reference to this question, Chief Justice Bleckley said: "Besides, the bill of exceptions states that the demurrer was made in writing at the trial term, and it was then too late to demur specially to any part of the declaration, this court having held, in 76 *Ga.*, *supra*, that a cause of action was set forth, and the twenty-eighth rule of the superior courts requiring that all matters appearing on the face of the declaration or process, not good in arrest of judgment, shall be taken advantage of at the appearance term." See 84 *Ga.* 176. We may therefore assume that in actions brought in the usual way by petition and process, special demurrers relating only to matters of form, or to defects the existence of which would not be cause for arrest of judgment, are cut off after the appearance term.

Section 3309 of the code declares that a general judgment may be rendered against a defendant in an attachment case, after compliance with the provisions of that section in relation to giving the defendant written notice of the pendency of the attachment; and section 3310 provides that, in such cases, the defendant may appear and make his defence at any time before final judgment is rendered against him. It certainly cannot have been the intention of the legislature to put a defendant in attachment cases upon any better or more favorable ground than defendants in ordinary suits. The notice and service provided for in section 3309 take the place of process and service in common law actions. The effect of both is to bring the defendant into court, subject him personally to its jurisdiction, and render him liable to a judgment binding upon all his property. When he comes into court, he may demur generally or specially, or he may defend by plea; but he cannot, after pleading to the merits and a term has passed, begin over again

and raise objections to the declaration because of alleged defects in matters of form merely.  He might, of course, move to dismiss the action on the ground that the declaration failed entirely to state a cause of action, but this is quite a different matter from demurring specially to particular portions of the declaration.  Assuming that a cause of action is stated, the office of a special demurrer is to eliminate all improper, superfluous and unnecessary matter, or to compel the plaintiff to give the defendant definite and specific information with sufficient fullness and certainty to enable him to make his defence; or, upon the plaintiff's refusal so to do, to send his case out of court.  If, notwithstanding defects in the declaration, merely formal, or which would not be good in arrest of judgment, the defendant is ready to file a plea to the merits, and does actually file it, he is in the attitude of saying he does not need any fuller or more definite information as to the plaintiff's alleged cause of action, but is prepared to meet the case without such additional information.  He has a perfect right to waive imperfections in the declaration, of the kind indicated; and if he does so, he ought not—certainly not after the term is passed—to be allowed to insist upon objections which he has already had full opportunity to make, but of which he has made no endeavor to take advantage.  To hold otherwise would put it within the power of a defendant to force the court to go through a long and tedious investigation to no purpose, expending much time and labor which might have been saved to all concerned.  The case with which we are now dealing presents just such an instance.  A trial of this action was had upon its merits, resulting in a verdict against the defendant; a motion for a new trial was made and overruled; the case was brought to this court, the judgment below reversed and a new trial granted. After all this had been done, the defendant, at the next

trial, presented and insisted upon special demurrers raising numerous questions as to the sufficiency of the plaintiff's declaration, but none of them vital to his cause of action. This certainly, in a common law action, would not have been allowable; and we hold that in an action brought by attachment the same rule, to the extent above indicated, should prevail.

2. The use of irrelevant or improper language by counsel in addressing a jury will not, in every instance, authorize the court to declare a mistrial, or grant a new trial. The language complained of in the present case, the substance of which, as well as the action taken by the court with reference thereto, is stated by the reporter, while not at all proper or becoming, was not, we think, so seriously calculated to prejudice the minds of the jury, or to lead them to find a wrong verdict, as to require any further correction than was administered by the presiding judge.

3-4. In the 3d head-note we have stated, in a condensed form, that portion of the law of Alabama pertinent to the facts of the present case, under which an employee of a railway company is entitled to recover damages for injuries received in the company's service. We have also endeavored to state very briefly the facts upon which the verdict for the plaintiff is sustainable. It is not clear that the plaintiff, upon closing his evidence, had made out a case; and therefore the motion for a nonsuit might, perhaps, properly have been granted. The defendant, however, doubtless for strong reasons, introduced, without objection on the part of plaintiff's counsel, *ex parte* statements made by a number of the servants of the company. These statements contained evidence of value to the defendant, but we think they also contained evidence from which the jury could very reasonably infer that the track, at the place where the plaintiff was injured, was in a defective and dangerous condition,

and had been so for some time before the injury occurred. This evidence, in connection with that introduced by the plaintiff, so far authorized the jury to find that there was a " defect in the condition of the ways" of the master to which the plaintiff's injuries were attributable, that we feel constrained to let the verdict stand, it having been approved by the trial judge, and this being the second verdict in the plaintiff's favor.

We shall not undertake to further state or discuss the numerous grounds of alleged error appearing in the record, the case, upon its substantial merits, being covered by what has already been said.

*Judgment affirmed.*