## RYLE v. WILKINSON COUNTY.

The act of 1888, "to amend section 671 of the Code of 1882," etc., is not violative of that paragraph of the constitution which declares that: "No law, or section of the code, shall be amended or repealed by mere reference to its title, or to the number of the section of the code, but the amending or repealing act shall distinctly describe the law to be amended or repealed, as well as the alteration to be made."

Argued February 26 and May 4, — Decided July 18, 1898.

Action for damages. Before Judge Hart. Wilkinson superior court. April term, 1897.

*Roberts & Pottle*, for plaintiff.
*Washington Dessau*, for defendant.

LUMPKIN, P. J. The plaintiff in error brought against Wilkinson County a suit for damages which, according to the

averments of the declaration, resulted from personal injuries sustained in January, 1895, while the plaintiff was undertaking to drive a vehicle over a defective county bridge. His case depends upon the validity of the act of December 29, 1888, "to amend section 671 of the Code of 1882," etc. Acts of 1888, p. 39. The defendant demurred to the plaintiff's petition, basing its demurrer upon the ground that this act is void because in violation of par. 17, sec. 7, art. 3 of the constitution. Civil Code, § 5779. That paragraph is quoted in the headnote. The demurrer was sustained, and Ryle excepted.

As the alleged injuries were received before the passage of the act of December 16, 1895, adopting the present code, the question whether the provisions of the act of 1888, if the same was not constitutional at the time of its passage, were rendered operative by their incorporation into that code, is not in this case. We are, therefore, now to pass upon the constitutionality of this act at the time of its approval, without regard to how its provisions were affected by the subsequent codification thereof. The act reads as follows:

"An act to amend section 671 of the Code of 1882, by changing the condition in the contractors' bonds upon the recommendation of the commissioners of roads and revenue, or the ordinary in the counties where there are no such commissioners, and to fix the liabilities of the counties for injuries caused by defective bridges.

"SECTION I. *Be it enacted by the General Assembly of the State of Georgia,* That section 671 of the Code of 1882 be amended by adding thereto the following words: 'Provided that such contract may be let out under existing laws without requiring the aforesaid conditions in the contractor's bond, if in the opinion of the commissioners of roads and revenue, or of the ordinary in counties where there are no such commissioners, it would be to the public interest to dispense with said condition in said bond,' so that said section when amended shall read as follows: When a public bridge, ferry, turnpike or causeway is let out, the contractor must in his bond make a condition also to keep it in good repair for at least seven years, and as many more years as the contract may be for; *Provided* that such con-

tract may be let out under existing laws without requiring the aforesaid condition in the contractors' bonds, if, in the opinion of the commissioners of roads and revenue, or of the ordinary in counties where there are no such commissioners, it would be to the public interest to dispense with said condition in said bond: *Provided,* however, that in every case the county shall be primarily liable for all injuries caused by reason of any defective bridges, whether erected by contractors or county authorities.

SEC. II.  *Be it further enacted,* That all laws, and parts of laws, in conflict with this act be, and the same are hereby repealed."

Counsel for Wilkinson County insists that this act attempts to designate the code section to be amended by merely referring to its number, and does not "distinctly describe the law to be amended;" and also, that "the description of the alteration to be made in the law does not distinctly describe the alteration which is actually made, and, therefore, the alteration which is actually made" conflicts with the constitutional paragraph invoked.   We think the act of 1888 does designate and identify section 671 of the Code of 1882 otherwise than by a mere reference to its number, and that the act sufficiently describes the code section.   The case of *Georgia Southern & Florida R. Co.* v. *George,* 92 *Ga.* 760, which was carefully considered, is directly in point.   It was there held that "description" could be accomplished by transcription, and that transcribing in the body of the amending act the section to be amended identified such section beyond any possibility of doubt.   A most casual reading of the act of 1888 will suffice to show precisely, and without the slightest danger of mistake, what section of the code was to be amended; and this surely ought to be regarded as enough to meet the constitutional requirement in question.   It was also held in the case just cited, that the order of arrangement was immaterial, and that therefore it was a matter of no consequence that the "description" did not precede, but followed, that portion of the amending act which declared what the amendment should be.   See, also, *Gilbert* v. *Georgia Railroad & Banking Co.,* 104 *Ga.* 412, which is in full accord with

the *George* case.   Mr. Justice Cobb, who delivered the opinion of the court, cites that case and others decided by this court which sustain our present conclusion.

The remaining contention of counsel for the defendant in error is based upon the proposition that the words, "*Provided, however, that in every case the county shall be primarily liable for all injuries caused by reason of any defective bridges, whether erected by contractors or county authorities,*" which the act declares shall constitute a portion of the code section after its amendment, are not included in the words which the act, in its beginning, undertakes to provide shall be added to the section.  While this is true, yet, taking the act as a whole, it can not be doubted that the General Assembly intended to add to the section of the code, not only the words expressly set forth at the outset as necessary in order to bring about the desired result, but those also which are embraced in the proviso above quoted; especially in view of the fact that the title of the act contains language, viz. "and to fix the liabilities of the counties for injuries caused by defective bridges," fully warranting the incorporation of this proviso into the words to be added by amendment.   The work of amendment was not artistically done, but the result sought to be reached is clear and obvious. The General Assembly designed that the code section, after being amended, should read in a particular way, and there is no uncertainty as to what its reading should then be.   "The recital in the latter part of the act as to how the section shall read as amended" is the last expression of the will of the General Assembly as to this matter, and effect should be given thereto, the more especially when there is no reasonable doubt as to what the General Assembly really intended to accomplish. See, again, in this immediate connection, the *Gilbert* case, supra; and see, also, *Helvingston* v. *Macon County*, 103 *Ga.* 106, in which Chief Justice Simmons expressed the opinion that this act was constitutional.   The court below erred in sustaining the demurrer to the plaintiff's petition.

*Judgment reversed.   All the Justices concurring.*