## HENDERSON *et al. v.* STATE OF GEORGIA.

A judgment refusing to allow a general demurrer to a petition to be amended is not a final judgment; nor would a judgment allowing the amendment have been a final disposition of the cause, so as to authorize a writ of error to the judgment first named while the case was pending in the trial court. Under such circumstances the writ of error is premature and must be dismissed.

Argued May 25, — Decided June 17, 1905.

Action on bond. Before Judge Roberts. Irwin superior court. October 31, 1904.

Suit was brought in the name of the State against the sureties on the bond of a former ordinary, to recover an amount which it was alleged was due the State under the provisions of the act of 1872 (Acts 1872, p. 57), relating to the sale of certain lands which had never been granted by the State, or which had reverted to it. The defendants filed a general demurrer, in which it was

averred that "No legal or equitable cause of action is set forth," and also filed a special demurrer. The demurrers were sustained, and the State excepted. When the case reached this court (120 *Ga.* 780) it was argued that the demurrer was properly sustained, because the act of 1872 was unconstitutional; but this court reversed the judgment, and declined to decide this question, upon the ground that a general demurrer of the character above indicated was not sufficient to raise the question of the constitutionality of a statute upon which the action was based. When the case reached the court below, the defendants moved to amend the general demurrer, by averring that the act of 1872 was unconstitutional for the reason that it contained matter different from what was indicated in its title, the amendment setting forth specifically and in detail the matter which it was alleged was not covered by the title. The court refused to allow the amendment, and the defendants excepted.

*Warren Grice*, for plaintiffs in error.

*John C. Hart, attorney-general,* and *Haygood & Cutts,* contra.

COBB, J. In the case of *Newman* v. *State,* 101 *Ga.* 534, this court treated the question of the constitutionality of an act as having been raised under a general demurrer which alleged that the presentment did not charge the defendant with any violation of law; and the writer said in the opinion (page 536) that "under the general demurrer the constitutionality of the law under which the accused was arraigned is brought in question." But the question of practice was not directly raised in that case, and the expression of the writer was not one which was well considered. In *Savannah Railway Co.* v. *Hardin,* 110 *Ga.* 433, this question of practice was thoroughly considered by the court, and the opinion in that case sets forth the views of the writer after mature thought and diligent investigation. The ruling in the *Hardin* case has been subsequently followed without exception. It has been held that a demurrer can not be amended, at a term subsequent to the first term, by adding a ground of special demurrer. *City Council of Augusta* v. *Lombard,* 101 *Ga.* 724. A defendant may at any time before verdict, either orally or in writing, move to dismiss the case on the ground that the petition sets forth no cause of action, and in such a motion urge

any ground which would be sufficient as a basis of a motion in arrest of judgment. *Kelly* v. *Strouse*, 116 *Ga*. 883 (5). A paper filed after the first term, which is styled a demurrer, but which is really in the nature of a motion to dismiss for want of a cause of action, should be treated by the court as of the latter character. *M. & B. Ry. Co.* v. *Walton*, 121 *Ga*. 276 (2). In the present case the court treated the motion of the defendants as a motion to amend the demurrer, and not as a motion to dismiss, merely refusing to allow the amendment, which was in effect a refusal to decide the question raised by the amendment. The judgment of the court which is complained of was not a final judgment, nor would a judgment allowing the amendment have been a final disposition of the cause. The case is therefore here prematurely, and the writ of error must be dismissed. Civil Code, § 5526.

*Writ of error dismissed. All the Justices concur, except Simmons, C. J., absent, and Fish, P. J., disqualified.*