STEPHENS, administrator, *v.* COLUMBUS RAILROAD CO.

Where a married woman died after having instituted her suit to re-
cover damages for pain and suffering resulting from personal injuries,
and one duly appointed as administrator of her estate was made a party
to the case, and the cause was ordered to proceed in his name as plain-
tiff, the case should not have been nonsuited on the trial, where the evi-
dence made a prima facie case against the defendant, on the ground
that the administrator was not a proper party to the case and that upon
the death of the original plaintiff there was a "right of survivorship" in
the husband.

JULY 14, 1910.

Action for damages.    Before Judge Gilbert.    Muscogee superior
court.    February 2, 1909.

Marietta Martin, on July 16, 1907, brought suit against the Co-
lumbus Railroad Company to recover damages for personal in-
juries alleged to be permanent and of a serious character, and to
have been sustained by her while attempting to alight from the car
of the defendant company, in consequence, it is alleged in the
petition, of the negligence of the company's agents and employees
in suddenly starting the car from which the plaintiff was attempt-
ing to alight.    In due time the defendant filed its answer.    Sub-
sequently the petitioner died.    Afterwards L. L. Stephens, as the
duly appointed administrator of the estate of the deceased plaintiff,
was made a party plaintiff, and the action proceeded thereafter
in his name as administrator.    At the February term, 1909, the
case came on to be tried and evidence was submitted in behalf of
the plaintiff, tending to sustain the material allegations in the peti-
tion.    There was some evidence, elicited on cross-examination of
the plaintiff's witnesses, tending to show that at the time of the
death of Marietta Martin she had a living husband, who, however,
had not been seen in two or three years, and who, at the time of
the injuries complained of and at the time of her death, was liv-
ing, if at all, in a state of separation from the plaintiff's intestate.
At the conclusion of plaintiff's evidence counsel for defendant made
a motion for a nonsuit, upon the ground that it appeared from the
evidence that Marietta Martin had a husband living, and that upon
her death there was a right of survivorship in her husband, and
that the administrator could not proceed with said suit.    The court
granted the nonsuit, and the plaintiff excepted.

*T. T. Miller,* for plaintiff.

*F. U. Garrard, W. C. Neill,* and *A. W. Cozart,* for defendant.

BECK, J. (After stating the facts.) Conceding that the evidence in the case established beyond controversy the fact that the intestate of the plaintiff in error had a husband in life at the time she sustained the injuries complained of and at the time of her death, we think that the court should have overruled the motion for a nonsuit. The court below evidently granted the nonsuit upon the idea that the right of action survived to the husband, and not to the administrator of the original plaintiff, who died after the institution of her action to recover for personal injuries to herself. That the action itself did not abate is perfectly clear from the reading of § 3825 of the Civil Code, which provides: "No action for a tort shall abate by the death of either party where the wrong-doer received any benefit from the tort complained of; nor shall any action for the recovery of damages for homicide, injury to person, or injury to property abate by the death of either party; but such cause of action, in case of the death of the plaintiff, shall, in the event there is no right of survivorship in any other person, survive to the personal representative of the deceased plaintiff, and in case of the death of the defendant, shall survive against said defendant's personal representative." This action was brought to recover for pain and suffering, mental and physical, resulting from the injuries complained of, which were, it is alleged, of a serious and permanent character, impairing plaintiff's mind and her bodily vigor and strength and her capacity to labor. Under the facts alleged in the petition, and which there was evidence before the court and jury to support, it appeared that the original plaintiff in the case had been injured by the negligent and tortious conduct of defendant's agents and employees. Under such a state of facts two different causes of action may arise,—the one in favor of the woman for her own pain and suffering, and the other in favor of the husband for the loss of his wife's services and the expenses incurred, if any, as the consequence of the injuries to her. These causes of action are separate and distinct, and in favor of different parties, and could not properly be joined in one suit. *Georgia Railroad Co.* v. *Tice,* 124 *Ga.* 459 (52 S. E. 916). This suit was instituted by the woman to recover for pain and suffering. To that action she was a necessary and the only necessary party, and at her death there was no other party in whom was vested the right of survivorship. If the husband had been originally joined

with the wife in this suit, construing it as one to recover for pain and suffering only (for the allegations as to loss of earning capacity and as to the permanency of the injuries are incident to the allegations of pain and suffering), in case of the wife's death the right of action could not have survived to the husband, but the action could have proceeded only in the name of a duly appointed personal representative of the wife.    We do not think that any right of survivorship which would authorize the husband to proceed with this suit could be inferred from the provision contained in § 3828 of the Civil Code, that: "The husband may recover for the homicide of his wife, and if she leaves child or children surviving, said husband and children shall sue jointly, and not separately, with the right to recover the full value of the life of the deceased, as shown by the evidence, and with the right of survivorship as to said suit if either die pending the action."    The right of survivorship here referred to arises in cases where, under the provision of the statute just quoted, the husband and a child or children are properly joined as plaintiffs in a suit brought to recover the "full value" of the life of the deceased, where the deceased is a married woman leaving husband and children at the time of her death tortiously caused.    In such a suit as that last supposed, there could be no recovery for that which constitutes the sole ground of recovery in the case at bar, to wit: pain and suffering inflicted upon the deceased.

<em>Judgment reversed.    All the Justices concur.</em>