### 14506. NIEMEYER *v.* DOUGAN, trustee.

BELL, J. 1. Where demurrers to a petition were overruled on January 17, 1923, and where during the term of court convening thereafter a verdict and judgment were rendered for the plaintiff on March 13, 1923, exceptions to the overruling of the defendant's demurrers, taken for the first time (no exceptions pendente lite being filed) in the bill of exceptions to the verdict and judgment, presented on March 28, 1923, were too late, and present no question for decision. Furthermore, the overruling of such of the demurrers as challenged the right or interest of the plaintiff in the cause of action, or otherwise went to the merits of the plaintiff's case, being unexcepted to, stands as an adjudication, under the law of the case, that the petition set forth a cause of action in the plaintiff. Where in such a case the allegations of the petition are established either by the evidence or the admissions of the defendant in his plea or otherwise, a verdict for the plaintiff is not illegal.

2. "If one purchases stock in a corporation and thereupon the company proceeds to do business upon the basis that he is a stockholder, and incurs indebtedness, such purchaser cannot, after insolvency of the company, obtain relief on the ground of fraudulent representations of an agent of the company in selling him the stock, as against creditors thus obtaining rights." *Empire Life Insurance Co.* v. *Brown,* 145 *Ga.* 818 (2) (89 S. E. 1085).

3. While the act of August 17, 1912 (Ga. L. 1912, p. 153; Park's Code, §§ 4294 (a), 4294 (b)), "requires that a note or other evidence of debt given for the purchase-price of stock in any incorporated company, sold by any peddler, agent, or traveling salesman or promoter, traveling for the purpose of making such sale, shall have expressed on its face the consideration thereof (not including sales after the original purchase-price has been paid and the certificates of stock have been issued), it further declares that any person who may purchase any such note or evidence of debt 'when the consideration is expressed in the face of the note or contract,' shall take it subject to all the equities between the original parties. It follows that where a negotiable note is given for such stock, but does not express on its face the consideration, a bona fide purchaser for value before due and without notice takes free from

any defense by the maker on account of equities between the original parties." *Heard* v. *National Bank of Wilkes,* 143 *Ga.* 48 (1) (84 S. E. 129).

4. A note given for shares of stock in a corporation subject to the provisions of the act of 1913 (Ga. L. 1913, p. 117), known as the "blue sky law," is not void because of a failure of the company to comply with the act, but voidable only, and is enforceable in the hands of an innocent purchaser taking before maturity. *Evans Co.* v. *Bryson,* 146 *Ga.* 278 (91 S. E. 71).

5. The rulings announced in the three preceding paragraphs are also applicable in favor of creditors who became such after the sale and purchase of the stock (see *Gress* v. *Knight,* 135 *Ga.* 60, 68 S. E. 834, 31 L. R. A. (N. S.) 900), and the only conclusion deducible from the answer in the instant case,—an action on notes for the purchase-price of corporate stocks,—is that the transaction in which the notes were given was with a promoter of the corporation during the process of its organization, before it became a going concern, and therefore that the creditors, for whose benefit the trustee of the bankrupt corporation is suing, became such after the defendant had purchased the stock. See also *Cosmopolitan Life Ins. Co.* v. *Sheats,* 20 *Ga. App.* 622 (93 S. E. 507); *Empire Life Ins. Co.* v. *Brown,* supra.

6. The liability of the maker of a promissory note executed on June 21, 1920, was not affected by the provisions of the subsequently enacted "Georgia securities law" approved August 17, 1920, or by any violation thereof by the payee. Civil Code (1910), § 6389.

7. Though demurrers special in nature are required to be filed at the first term (*Smith* v. *Aultman,* 30 *Ga. App.* 507, 118 S. E. 459; Civil Code (1910), § 5630), a party may at any time before verdict, either orally or in writing, move to strike the petition or the answer of the opposite party, on the ground that no cause of action or defense, as the case may be, is set forth. While in the instant case the paper filed by the plaintiff was called a demurrer, it contained general grounds which were in the nature of a motion to strike the defendant's answer, and it was not improper for the court so to treat it. *Richmond & Danville R. Co.* v. *Mitchell,* 95 *Ga.* 78 (1) (22 S. E. 124); *Macon & Birmingham Ry. Co.* v. *Walton,* 121 *Ga.* 275 (3) (48 S. E. 940); *Henderson* v. *State,* 123 *Ga.* 465 (51 S. E. 385). Such parts of the answer as were stricken being subject to the general grounds of the demurrer or motion, it is immaterial that other grounds thereof which objected to defects of form in the parts of the answer so stricken were presented too late.

8. All of the answer being stricken except a plea of failure of consideration, and properly so, and there being no evidence in support of this plea, a verdict under the evidence was demanded for the plaintiff, and the court did not err in directing such a verdict.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED OCTOBER 12, 1923.

Complaint; from city court of Savannah—Judge Freeman. March 13, 1923.

*Frederick A. Tulen,* for plaintiff in error.

*Gignilliat & O'Neal,* contra.