20054.   COMPLETE AUTO TRANSIT, INC. *v.* FLOYD, Admr.

ARGUED MAY 12, 1958—DECIDED JUNE 5, 1958.

*Cubbedge Snow, Malone Sharpe, T. Ross Sharpe, Martin, Snow, Grant & Napier,* for plaintiff in error.

*J. H. Highsmith, Gordon Knox, Jr.,* contra.

MOBLEY, Justice. ■ The plaintiff contends that under the pleadings in this case no constitutional question as to the validity of the statutes involved was properly raised. Since this court's jurisdiction of the case, which is a suit for damages, depends entirely upon whether a constitutional question is presented for decision, we will first pass upon this question. It is contended that the "elaboration and amendment" of demurrers, filed more

than five months after the appearance day, was filed too late. While it is true that special demurrers must be filed on or before the appearance day (*Ford* v. *Fargason*, 120 *Ga.* 708 (1), 48 S. E. 180; *Roberts* v. *Burnett*, 164 *Ga.*.64 (7), 137 S. E. 773; *Richmond & Danville R. Co.* v. *Mitchell*, 95 *Ga.* 78, 22 S. E. 124), "A defendant may at any time before verdict, either orally or in writing, move to dismiss the case on the ground that the petition sets forth no cause of action, and in such a motion urge any ground which would be sufficient as a basis of a motion in arrest of judgment. *Kelly* v. *Strouse*, 116 *Ga.* 883 (5). A paper filed after the first term, which is styled a demurrer, but which is really in the nature of a motion to dismiss for want of a cause of action, should be treated by the court as of the latter character. *M. & B. Ry. Co.* v. *Walton*, 121 *Ga.* 276 (2)." *Henderson* v. *State of Georgia*, 123 *Ga.* 465, 466 (51 S. E. 385). In *Douglas, Augusta &c. Ry. Co.* v. *Swindle*, 2 *Ga. App.* 550, 555 (59 S. E. 600), it was stated: "That a demurrer is addressed to a special paragraph of a petition instead of to the petition as a whole does not of itself change it from a general to a special demurrer. The same characteristics which obtain as to the term 'general demurrer,' when applied to the petition as a whole, still pervade it when addressed to a particular paragraph. And the legal result is the same." The defendant's "elaboration and amendment" of demurrers in this case was not a special demurrer, pointing out merely some defect of form in the petition, but was addressed to three entire paragraphs of the petition, going to the very vitals of the case and praying that these paragraphs be stricken from the petition. Without these paragraphs no cause of action would have been alleged against the defendant. While the paper filed was denominated a demurrer, it contained general grounds of objection going to the entire cause of action, and prayed that parts of the petition be stricken, without which the petition would not have stated a cause of action, and under the ruling in *Macon & Birmingham Ry. Co.* v. *Walton*, 121 *Ga.* 275 (48 S. E. 940), might properly have been considered by the trial court to be in the nature of a motion to dismiss for want of a cause of action. Furthermore, the plaintiff made no objection in the trial court to the defendant's demurrers on the ground that they were

filed too late. In *Mayo v. Owen*, 207 *Ga.* 641 (63 S. E. 2d 649), it was held that notwithstanding the provisions of Code (Ann.) § 81-301 relating to the time of filing defensive pleadings, the parties having procured a ruling on a demurrer filed after the required time thereby waived the time of filing. In our opinion, the pleadings in this case properly raised the question as to the constitutionality of the statutes involved, and the plaintiff's contention in this connection is without merit.

■ By a plea in bar and in the "fifth defense" of its answer, the defendant sought to bar the present action by the administrator on the ground of a former recovery by the husband and children of the deceased. It is alleged that the deceased's husband and children filed suit in the Federal courts for the full value of the deceased's life, that judgment was rendered in their favor in the sum of $107,500, and that the present suit is barred by the recovery in that suit. Code § 3-607 provides in part as follows: "A former recovery, or the pendency of a former suit for the same cause of action, between the same parties, in the same or any other court that has jurisdiction, shall be a good cause of abatement." But in *Georgia R. & Bkg. Co. v. Tice,* 124 *Ga.* 459, 461 (52 S. E. 916, 4 Ann. Cas. 200), it was held: "When a married woman is injured by the wrongful conduct of another, two different causes of action may arise: the one in her favor for her own pain and suffering, and the other in favor of the husband for the loss of his wife's services and for expenses incurred as a consequence of the injuries to her. These causes of action are separate and distinct, and in favor of different parties." In the event of the wrongful death of a wife or mother, Code (Ann.) § 105-1306 provides that the husband and/or child or children surviving shall be entitled to maintain a cause of action jointly for the full value of the life of the decedent. The cause of action for wrongful death is a separate and distinct cause of action from that of the wife for her pain and suffering. *Stephens v. Columbus R. Co.,* 134 *Ga.* 818 (68 S. E. 551); *Spradlin v. Georgia Ry. & Elec. Co.,* 139 *Ga.* 575 (77 S. E. 799); *Dayhuff v. Brown & Allen,* 150 *Ga.* 291 (103 S. E. 458). Furthermore, the suit by the administrator, Deroy Floyd, seeking to recover for pain and suffering of the deceased is not between the same parties

as the suit brought by the husband and minor children for the full value of the life of the deceased. Accordingly, there was no merit in the contention that the recovery in behalf of the father and minor children against the defendant for the full value of the life of the deceased constituted a bar to the present action by the administrator of the wife's estate to recover for her pain and suffering.

The next question raised by the plea in bar, "fifth defense," and general demurrer is that the petition did not state a cause of action in the administrator for pain and suffering of the deceased since the petition did not allege that the deceased, prior to her death, had brought an action to recover for pain and suffering; that any right of action in her under these circumstances did not survive her; and that the petition by the administrator should be abated and dismissed.

Count 1 of the petition, seeking to recover damages for pain and suffering, is predicated upon Ga. L. 1952, pp. 224, 225, which amended Code § 3-505 to provide that no cause of action for the recovery of damages for homicide, injury to person or injury to property should abate by the death of either party. The defendant has attacked this act as being unconstitutional, and it therefore becomes necessary to pass upon the validity of the act.

Prior to the act of 1952, pp. 224, 225, Code § 3-505, so far as is material here, provided that no "action for the recovery of damages for homicide, injury to person, or injury to property," should abate by the death of either party, and that act amended this section to provide that no action, *or cause of action,* etc., should abate. The defendant contends that this act, adding the words "or cause of action" to the Code section is unconstitutional as being in violation of Art. 3, Sec. 7, Par. 16 (Code, Ann., § 2-1916), which provides that, "No law, or section of the Code, shall be amended or repealed by mere reference to its title, or to the number of the section of the Code, but the amending, or repealing act, shall distinctly describe the law to be amended or repealed, as well as the alteration to be made," and in violation of Art. 3, Sec. 7, Par. 8 (Code, Ann., § 2-1908), which provides that, "No law shall pass which refers to more than one subject matter, or contains matter different from what is ex-

pressed in the title thereof." While the defendant in its brief does not argue the first question, and so far as we remember, did not argue the question orally, his contention in this respect is clearly without merit. See *Peeler* v. *Central of Ga. Ry. Co.*, 163 *Ga.* 784(1) (137 S. E. 24); *Gilbert* v. *Georgia R. & Bkg. Co.*, 104 *Ga.* 412, 415 (30 S. E. 673); *Ryle v. Wilkinson County*, 104 *Ga.* 473 (30 S. E. 934); *Southwestern R. Co.* v. *Wright*, 156 *Ga.* 1 (118 S. E. 552).

As to the second contention as to the unconstitutionality of the act, the title thereof clearly states that it is "An Act to amend Section 3-505 of the Code of Georgia of 1933, relating to the abatement and survival of actions and causes of action, by inserting" in a designated place therein the words "or causes of action," and "providing how said section, when so. amended shall read; and for other purposes." The act refers to only one subject matter, that relating to the abatement and survival of actions and causes of action, and the matter contained in the act is just what is expressed in the title thereof. The title of the act makes it plain that it deals with the subject of the abatement and survival of actions and causes of action by adding to the body of the Code section the words "or causes of action," which is exactly what the act did. The general object of the law is all that need be indicated by the title, and provisions germane to the general subject matter embraced in the title of an act and which are designed to carry into effect the purposes for which it is passed may be constitutionally enacted therein. *Wright* v. *Fulton County*, 169 *Ga.* 354 (150 S. E. 262). We are of the opinion that the act does not violate Art. 3, Sec. 7, Par. 8 of the Constitution of Georgia and is not unconstitutional for any reason assigned.

Having held Ga. L. 1952, pp. 224, 225, constitutional as against the attack made, we come now to consider count 1 of the petition based upon said act. It is conceded, and of course it is true, that the deceased herself, had she lived, would have had a cause of action for pain and suffering resulting from her negligent injury by the defendant. But prior to the act of 1952, pp. 224, 225, this cause of action would not have survived her unless it had been commenced before her death. *Frazier* v.

*Georgia R. & Bkg. Co.,* 101 *Ga.* 70 (28 S. E. 684); *King v. Southern Ry. Co.,* 126 *Ga.* 794 (55 S. E. 965, 8 L.R.A. (NS) 544); *Stephens* v. *Columbus R. Co.,* 134 *Ga.* 818, supra. Under the above decisions and many more which could be cited, this court had held that only such actions under Code § 3-505 as were pending when a person died survived to his administrator.

Clearly, the purpose of the amending act of 1952, pp. 224, 225, was not to create a new cause of action, as is contended by the defendant, but was to provide for the survival to the administrator of causes of action that existed in the deceased person before his death. We are of the opinion that the legislature could have had no other purpose in mind and that the effect of this amendment, as applied to the instant case, is to preserve the cause of action of the deceased, Mamie M. Floyd, and to permit an action thereon by her administrator.

The petition alleged a good cause of action on behalf of the administrator for damages for pain and suffering suffered by the deceased before her death, and the trial court did not err in sustaining the demurrers and motions to strike the plea in bar and the "fifth defense" and in overruling the defendant's general demurrer to count 1 of the petition.

■ In count 2 of the petition the plaintiff seeks to recover medical, hospital and funeral expenses resulting from her negligent homicide by the defendant. Ga. L. 1952, pp. 245, 246 (Code, Ann., § 105-1310), upon which this claim is based, provides as follows: "Where death of a human being results from a crime or from criminal or other negligence, the personal representative of such deceased person shall be entitled to recover for the funeral, medical, and other necessary expenses resulting from the injury and death of the deceased person." The defendant attacks the act on the ground that it violates the due process clauses of the State and Federal Constitutions in that said act subjects the defendant to a double recovery because, prior to the enactment thereof, a husband had the right to recover the damages sued for in this case, and the act does not purport to repeal the husband's right of action but creates an additional right of action in the personal representative of a decedent. In our opinion the defendant's contention is well founded. Under

the common law and under the statutory law of this State, a husband is bound to support and maintain his wife and furnish her the necessities of life (Code § 53-510), and this includes medical and hospital expenses and the expenses of burial. *Fincher* v. *Davis*, 27 *Ga. App.* 494(3) (108 S. E. 905); *Yellow Cab Co. of Atlanta* v. *Lampkin*, 40 *Ga. App.* 553 (150 S. E. 435); *Wrightsville & Tennille R. Co.* v. *Vaughan*, 9 *Ga. App.* 371 (71 S. E. 691); *Kenyon* v. *Brightwell*, 120 *Ga.* 606(3) (48 S. E. 124, 1 Ann. Cas. 169); *Adams* v. *Bishop*, 169 *Ga.* 762(4) (151 S. E. 377). In the event of injury to the wife, the right to recover the expenses incurred for medical, hospital and funeral bills is not in her but in the husband, unless there are special circumstances, as where the wife contracts to be personally bound. *Lewis* v. *City of Atlanta*, 77 *Ga.* 756 (4 Am. St. R. 108); *Georgia R. & Bkg. Co.* v. *Tice*, 124 *Ga.* 459, supra; *Wrightsville & Tennille R. Co.* v. *Vaughan*, supra. Consequently, the law as it stood prior to the act of 1952, pp. 245, 246, placed upon a husband the duty of paying the medical, hospital and funeral expenses of his wife, and, in the event of her wrongful death, gave him a right of action against the defendant to recover such items as damages. The act of 1952 did not purport to change the law relative to the rights and duties of a husband to provide for these necessary expenses of his wife. Regardless of the act a husband remains liable for these expenses. He may maintain an action for damages to recover such expenses against one who negligently kills his wife, unless the act in question, by conferring a right of recovery upon the administrator, repeals the husband's right of recovery. The act does not limit the liability of the husband, and in our opinion does not affect in any way the husband's right of recovery. This being the case it subjects the defendant to a double liability for the same damages growing out of the same tort. "A statute which impairs a property right by subjecting one's property to the claim of another, without personal fault or legal liability of the owner, constitutes a taking of property without due process of law." 16A C. J. S. 878, § 630; *State v. A/S Nye Kristianborg*, 84 Fed. Supp. 775. Under the allegations of this petition, the deceased, had she lived, would not have been liable for her medical and hospital bills and would

not have had a cause of action to recover these items as damages. That right is in her husband, and the same applies as to funeral expenses. The statute attempts to subject the property of the defendant to a claim by the administrator when under the law neither the administrator nor the decedent has any legal liability therefor. Where the husband is liable to furnish his wife the necessaries of life and a cause of action exists in him for her medical, hospital and funeral expenses by reason thereof, an act of the General Assembly conferring upon the wife's administrator a right to recover for these things deprives the defendant of his property without due process of law in that it requires him to pay one to whom he is under no legal liability so to do. *Lloyd Adams, Inc.* v. *Liberty Mutual Ins. Co.*, 190 *Ga.* 633 (10 S. E. 2d 46).

Under the allegations of this petition, Ga. L. 1952, pp. 245, 246, is unconstitutional as to this defendant, and the trial court erred in overruling the general demurrer to count 2 of the petition.

*Judgment affirmed in part and reversed in part. All the Justices concur.*