## SPRADLIN v. GEORGIA RAILWAY & ELECTRIC CO.

On April 12, 1910, S. brought suit against a railway company to recover damages for certain injuries alleged to have been received by him, while he was a passenger upon a car of the defendant, in consequence of the negligence of the company and its employees. Pending that suit S. died, and his administrator was made a party plaintiff. Subsequently, and pending the suit in the name of the administrator, the widow of S. brought suit against the same company to recover for his homicide, alleging that he died in consequence of the injuries out of which grew the suit he had filed. The suit of the administrator proceeded to trial, and resulted in a verdict for the defendant. That verdict had not been set aside, and no appeal had been taken from it, when the suit brought by the widow came on for trial. At this trial the defendant urged a plea in bar, which set up the former adjudication, and submitted evidence which supported the plea. The court directed a verdict sustaining the plea in bar. *Held*, that this was error.

MARCH 1, 1913.

Action for damages. Before Judge Pendleton. Fulton superior court. January 31, 1912.

*James L. Key,* for plaintiff.

*Colquitt & Conyers,* for defendant.

BECK, J. Without discussing the relative merits of the views expressed in the opinion of the majority of the court and in the dissenting opinion in *Southern Bell Telephone & Telegraph Co.* v. *Cassin,* 111 *Ga.* 575 (36 S. E. 881, 50 L. R. A. 694), I do not

think the decision in that case controls the case now before us. There a person who was injured settled with the party claimed to be liable for damages, resulting from the injury, presumably looking to the future as well as the past, and including any claim for permanent injury. The opinion of the majority of the court may be summarized in the following quotation from Tiffany on Death by Wrongful Act, § 124: "If the deceased, in his lifetime, has done anything that would operate as a bar to a recovery by him of damages for the personal injury, this will operate equally as a bar in an action by his personal representatives for his death. Thus, a release by the party injured of his right of action, or a recovery of damages by him for the injury, is a complete defense in the statutory action." It was contended that the same rule applied to a suit brought by a widow, under the statute, for the homicide of the injured person, resulting from the injury. The dissenting Justices contended that the Georgia statute (Civil Code, § 4424), giving a right of action for a homicide to a widow, or children if no widow, was not a statute creating a survival or succession to the injured person's common-law right to sue for his injury, but was a statutory cause of action conferred on certain persons for a homicide, and was wholly independent of the common-law action or its settlement; and that another distinct statute (Civil Code, § 4421) made provision for the survival of a common-law action begun by the injured person, and the succession thereto by the administrator.

The present case does not involve a defense based on any act of the injured person in his lifetime, by which it was claimed that he settled or barred a right of action by his widow for his homicide. However it may be *as to his acts,* at his death, the sections of the code above cited distinctly provide for two separate proceedings: (1) a carrying forward by the administrator of a common-law action already begun by the deceased; (2) a right to recover for the homicide by the widow, or children. In the former, a recovery can be had for pain and suffering, lost time, physician's bills, etc., accruing prior to the death of the injured person, but no recovery can be had for the "full value of his life." In the latter action, a recovery can not be had for any of the damages recoverable in the former, but for "the full value of the life of the deceased," from the time of his death. The damages recoverable in one case are not recoverable in the other; so that they do not overlap in that respect.

It is contended, however, that the administrator having made himself a party to the suit brought by the decedent in his lifetime, and his case having been tried and lost before the case which had been brought by the widow came to trial, the judgment in the administrator's case was a bar to the widow's suit. Why? The general rule is that a judgment is only a bar or an estoppel when it is between the same parties or their privies, and involves actually or potentially the same matter. *Draper* v. *Medlock*, 122 *Ga.* 235 (50 S. E. 113, 69 L. R. A. 483, 2 Ann. Cas. 650). I have shown that the two suits were so different that what could be recovered in one could not be recovered in the other. Were they between the same parties or their privies? What was said in the majority opinion in the *Cassin* case, supra, as to the power of the injured man to regulate his own conduct, to lessen the value of his own life, to affect by admission the right to recover by his widow, and to settle the entire cause of action growing out of his injury, has no application to his administrator. As the latter could not recover for the full value of the life of the deceased, for which the widow alone could recover, evidently he could neither settle away nor talk away her suit. Could he destroy it by losing his case? She was no party to his case, and could not become so. She did not claim her statutory right as his privy. She had no right to be heard on the trial of his case, or to take part in it. Neither could the administrator be made a party to her case. If he recovered, the proceeds would go into the general estate, and be subject to any debts of the decedent. If she recovered, the proceeds would not take that direction, or be subject to the debts of the deceased. Civil Code, § 4425. In so far as the administrator represented her as a beneficiary of the general estate, she was affected by the results of his suit. But in so far as the statute gave her a right to sue, she did not claim under or through him.

True each action grew out of the same tort; and it is said that the judgment against the administrator adjudged that there was no right to recover for that tort, and was binding on the widow. So far as she claimed under the administrator, that is true, as above stated, but not to the extent claimed. Clearly one action would not furnish ground for plea in abatement of the other, for they were not to recover the same thing. Suppose, instead of losing his case, the administrator had recovered a small verdict. This would

not and could not have included "the full value" of the life of the decedent, and could not have prevented the suit for such full value from proceeding. Now, if an adjudication against him was binding on the widow to establish that there was no right of recovery, it would seem that a recovery by him ought to be conclusive in her favor that there was a right to recover; and all she would. have to do would be to introduce such a judgment, and prove the value of the life of the deceased. Would this be claimed?

Suppose her suit had come to trial first, would the judgment in it have been conclusive evidence for or against the administrator in his suit?

It may be singular that two rights of action may grow out of the same transaction, and possibly one be lost and the other won, but that merely arises from the statute, which—at least upon the death of the injured person—provides for two proceedings, one by his administrator as to the common-law action (if one had been begun by the intestate), and the other by his widow (or children if no widow) for the full value of his life from the time of his death, instead of conferring on the administrator the entire right of action in case of death.

A somewhat similar situation exists where a minor is permanently injured by the tort of another. His father may sue to recover for the loss of the services of the minor until majority. The minor himself, by his next friend or guardian, may bring suit to recover for the permanent injury, not including the services for which his father may sue. See, in this connection, *Augusta Railway Co.* v. *Glover*, 92 *Ga.* 132 (4), 143 (18 S. E. 406); *Augusta Factory* v. *Davis*, 87 *Ga.* 648 (2), 649 (13 S. E. 577). ·

*Judgment reversed. Fish, C. J., and Atkinson, J., dissent. The other Justices concur.*