## NASHVILLE, CHATTANOOGA & ST. LOUIS RAILWAY
### *v.* HUBBLE, administrator.

1. Where an action was brought in this State by a woman for a personal injury alleged to have been caused by the negligence of a railway company in Alabama, which action was removed to the circuit court of the United States, and after her death her administrator was made a party thereto; and where after the death of the original plaintiff her administrator instituted an action in the State court to recover damages

on account of her death caused by the same injury, under the Civil Code of Alabama (1907, § 2486), the pendency of the former action did not furnish ground for abatement of the latter.

(a) The injury having occurred in Alabama, and the suits having been brought in Georgia (it not appearing where the death took place), and the statute of Alabama having been pleaded as a basis for recovery, the question of the effect of the one action upon the other is to be determined according to the law of that State.

2. The demurrer was without merit, and there was no error in overruling it.

JULY 19, 1913.

Action for damages. Before Judge Fite. Dade superior court. March 20, 1912.

*Foust & Payne,* for plaintiff in error.

LUMPKIN, J. Mary L. Hubble brought suit in this State against the Nashville, Chattanooga & St. Louis Railway for a personal injury alleged to have occurred in Alabama. The case was removed to the circuit court of the United States. She died, and her administrator, O. R. Hubble, was made a party in her stead. Later the administrator brought suit in Dade superior court for the homicide of his intestate, alleging that the injury on which the first suit was predicated caused her death. The defendant filed a plea in abatement, setting out the pendency of the case in the United States court. The plaintiff then dismissed that case. The plea was overruled. The defendant demurred to the petition. The demurrer was overruled, and the defendant excepted.

1. The alleged tort was committed in Alabama, and the law of that State was pleaded as a basis for recovery. If an action is brought in a State court and removed to the Federal court, and while it is there pending another suit is brought in the State court for the same cause of action, a plea in abatement will be sustained. *Louisville & Nashville Railroad Co.* v. *Newman,* 132 *Ga.* 523 (64 S. E. 541, 26 L. R. A. (N. S.) 969). It has been held, in a decision rendered by two Judges, that where an action is pending and a second suit is brought for the same cause of action, and a plea in abatement is filed, it can not be met by dismissing the first case. *Singer* v. *Scott,* 44 *Ga.* 659. The question which we have to determine is whether, under the law of Alabama, the first and second suits were for the same cause of action, so that the former would furnish ground for plea in abatement, or a judgment therein for a plea in bar, to the latter. On this subject the decisions are in distressing conflict in various States, as will be seen

from Tiffany on Death by Wrongful Act (2d ed.), §§ 43, 44, 73, 126, 127, 128. So far as we have been able to ascertain, the exact point has not been decided in Alabama, and we therefore tread upon somewhat unexplored ground in attempting to determine what the decision of the highest court in that State will be when the question is presented to it. But we have certain indicia from which we think we may fairly formulate an opinion upon the subject, at least until that court shall have spoken.

Section 2486 of the Civil Code of Alabama of 1907 reads as follows: "A personal representative may maintain an action, and recover such damages as the jury may assess, for the wrongful act, omission, or negligence of any person or persons, or corporation, his or their servants or agents, whereby the death of his testator or intestate was caused, if the testator or intestate could have maintained an action for such wrongful act, omission, or negligence, if it had not caused death; such action shall not abate by the death of the defendant, but may be revived against his personal representative; and may be maintained, though there has not been prosecution, or conviction, or acquittal of the defendant for the wrongful act, or omission, or negligence; and the damages recovered are not subject to the payment of the debts or liabilities of the testator or intestate, but must be distributed according to the statute of distributions. Such action must be brought within two years from and after the death of the testator or intestate." The Supreme Court of that State has held that the damages recoverable under the statute quoted are punitive in their nature and to prevent homicides by wrongful acts or negligence. Buckalew *v.* Tennessee Coal &c. Co., 112 Ala. 146 (20 So. 606) ; Richmond & Danville R. Co. *v.* Freeman, 97 Ala. 294 (11 So. 800). Also, that evidence of *pecuniary loss and mental suffering is not admissible, in such a case.* Alabama Great So. R. Co. *v.* Burgess, 116 Ala. 509 (22 So. 913) ; Louisville & Nashville R. Co. *v.* Tegner, 125 Ala. 593 (28 So. 510). By section 2496 of the Civil Code of Alabama (1907) *it is declared:* "All actions on contracts, express or implied; all personal actions, except for injuries to the reputation, survive in favor of and against the personal representatives." If it be assumed that this section provides for survival of the action for a personal injury which results in death after action has been brought for damages by the injured party, in such an action the damages

recoverable are compensatory in character, and evidence of pecu-
niary loss and pain and suffering is admissible. Moreover, as death
terminates all expectancy of further life on this earth, it would
seem that, when an action by a person for an injury to him sur-
vives to his administrator, the actual death would prevent the re-
covery of damages based on tables of further expectancy of life.
At any rate, here are two suits, one of which is a common-law
action for an injury to the person (claimed under the statute to
survive to the administrator), and in which compensatory damages
can be recovered; the other a purely statutory cause of action, aris-
ing upon death, in which suit punitive damages are recoverable.
The evidence to sustain the one is not admissible in the other.
The recovery in one forms a part of the estate in the hands of the
administrator, subject to the payment of the debts of the deceased.
In the other the administrator is only a statutory plaintiff, and
the damages recovered are not subject to the payment of the debts
of the deceased, but must be distributed according to the statute
of distributions. The heirs are the real beneficiaries.

In Wynn v. Tallapoosa County Bank, 168 Ala. 469 (50) (53
So. 228), it was held that section 2496, above quoted, did not
include causes of action or rights of action. Mayfield, J., dis-
tinguished between an action and a cause or right of action, as
those terms are used in the English common law, and said: "We
have no statute in this State which provides for the survival of
such causes of action against the personal representative. We have
a few which either give a new right of action or provide for the
survival of a cause of action for the personal representative.
Whether this is a new cause of action given, or the survival of an
old one, it is not necessary to be now decided. We refer to the
homicide statute and the employer's liability act." As to the sur-
vival of a cause of action in Alabama, it was said to be necessary to
look to the common law.

In Kennedy v. Davis, 171 Ala. 609 (55 So. 104, 27 Ann. Cas.
(1913B) 225), it was held, that the action authorized by section
2486 of the Code of 1907 was purely statutory, as no such right
of action existed at common law; that the damages collected in an
action under the homicide act for the wrongful death of an in-
testate vested exclusively in the distributees of the estate, and were
not assets subject to administration, the personal representative

being the agent merely to collect and pay over; and that accordingly, where one liable to such a suit compromised a claim therefor and obtained a release from the decedent's sole heir and distributee, it was a good defense to a suit thereafter brought by the administrator of the decedent. In Sloss-Sheffield Steel & Iron Co. v. Milbra, 173 Ala. 658 (8) (55 So. 890), it was held that a plea in abatement was not available unless the judgment which would be rendered in the prior action would be conclusive between the parties and operate as a bar to the second action.

It is not easy to perceive how a common-law right of action by a man to recover compensatory damages for injuring him is the same cause of action as a statutory right to sue for punitive damages for his homicide, or how the former can furnish ground for a plea to abate the latter. The two are so utterly different in origin, in right of recovery, in evidence admissible, and in beneficiaries, that it seems illogical to hold them to be identical, though some courts, under certain survival statutes and statutes authorizing suits for homicide, have held that the one abated or barred the other, apparently in some cases on the theory that although on their face legislative acts permitted two actions to be brought or maintained—one of common-law origin and in which there might be a certain character of recovery, and the other of purely statutory origin and with a different recovery for different beneficiaries,—the legislature did not intend to do so. In other words, these courts hold that if legislative acts provided for the survival of one action, and also authorized the bringing of another, they did not intend to allow two, but only one.

It should be further noted that in certain cases where it was intended that one action sounding in tort should bar another growing out of the same transaction, the statutes of Alabama have so expressly stated. Thus, by section 2482 of the Civil Code of 1907 it is declared that an unmarried woman may sue for her own seduction. Under section 2483 a father, or under certain circumstances a mother, may sue for the seduction of a daughter; "but a suit by the daughter is a bar to an action by the father or mother." By section 2485 provision is made for a suit for the death of a minor, caused by wrongful act, omission, or negligence. It is declared that the father, or in certain instances the mother, may sue; and that if both are dead, or if they decline to sue, or fail to

do so in six months from the death of the minor, the personal representative of the minor may sue; "but a suit by any one of them for the wrongful death of the minor shall be a bar to another action, either under this section or under the succeeding section" (the general section authorizing a personal representative to maintain an action for a wrongful act causing death). This express exclusion of duplication of actions in certain cases would seem to indicate a legislative intent not to exclude two suits where not so prohibited,—as, a suit for a personal injury to the plaintiff, with survival of the action to his administrator, and a statutory action for punitive damages by an administrator for the benefit of distributees.

The act of Congress commonly known as the employer's liability act of 1908, as amended, provides that railroad companies engaged as common carriers in interstate commerce "shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, or, in case of death of such employee, to his or her personal representative, for the benefit of the surviving widow or husband and children of such employee, 'and, if none, then of the next of kin dependent upon such employee, for such injury or death resulting in whole or in part from the negligence," etc. 35 Stat. 65 (U. S. Comp. Stat. Supp. 1911, p. 1322); 36 Stat. 291 (U. S. Comp. Stat. Supp. 1911, p. 1325). In Michigan Central Railroad Co. v. Vreeland, 227 U. S. 59 (33 Sup. Ct. 192, 195, 57 L. ed.), Mr. Justice Lurton, referring to the clause in regard to death, said (p. 68): "This cause of action is independent of any cause of action which the decedent had, and includes no damages which he might have recovered for his injury if he had survived. It is one beyond that which the decedent had,—one proceeding upon altogether different principles."

In Tiffany on Death by Wrongful Act (2d ed.), § 127, after referring to different decisions, the author says: "Upon the ground that the two causes of action arising under a survival act and under a death act are separate, distinct, and independent causes of action arising out of the same wrongful or negligent act, the damages in the one case being limited to such damages as the decedent himself might have recovered, and in the other being the pecuniary loss suffered by the persons entitled to the benefit of the action, it has been logically held in Maryland that a recovery in

one action is not a bar to the other, and that the two actions may be maintained concurrently. And such appears to be the rule in Arkansas, Ohio, and Wisconsin."

Under the statute of this State authorizing an action for the homicide of a husband or father, it was held in *Southern Bell Telephone & Telegraph Co.* v. *Cassin,* 111 *Ga.* 575 (36 S. E. 881, 50 L. R. A. 694), that where an injured person brought suit to recover damages, and settled with the wrong-doer therefor and discharged him from all liability, if he subsequently died because of the injury, the settlement prevented a recovery by his wife or children. From this decision two of the six Justices vigorously dissented. In *Spradlin* v. *Georgia Railway & Electric Co.,* 139 *Ga.* 575 (77 S. E. 799), suit was brought by an injured person for damages, and upon his death his administrator was made a party under the survival statute. After such death, his widow brought suit against the same defendant, to recover for his homicide, alleging that he died in consequence of the injuries which had furnished the basis of his suit. The administrator lost his case, and the judgment was pleaded in bar to the widow's action for the homicide. It was held not to be a good plea. From this decision two Justices dissented. As Mr. Tiffany points out in his work, the decisions of the courts on this subject may not be entirely logical; but the writer entertains no doubt of the soundness of the decision in the *Spradlin* case.

Realizing the delicacy of the task of construing the statutes of a sister State, in the absence of direct adjudication on the point of controversy by the Supreme Court of that State, and in the presence of the conflicting decisions of other courts, we believe that, under a proper construction of the provisions of the Alabama statutes above mentioned, the suit brought by the injured woman, to which her administrator was made a party after her death, did not furnish a ground for a plea in abatement to the subsequent action brought by the administrator of the decedent on account of her homicide.

2. There was no merit in any of the grounds of the demurrer, and it was properly overruled.

*Judgment affirmed. All the Justices concur.*