## DAYHUFF *v.* BROWN & ALLEN.

Where suit was brought by a man to recover damages for total loss of earning capacity and for pain and suffering from an injury to him from an alleged wrongful and negligent act of the defendant, which suit, after his death, was prosecuted to judgment by his wife as administratrix of his estate, and the judgment was paid by the defendant, this would not constitute a bar to a subsequent suit by the wife in her individual capacity, to recover damages for her husband's homicide due to the same alleged negligent and wrongful act of the defendant.

No. 1756.   JUNE 18, 1920.

Question certified by Court of Appeals (Case No. 10411).

*Westmoreland, Anderson & Smith,* for plaintiff.

*Rosser, Slaton, Phillips & Hopkins,* for defendants.

HILL, J. The Court of Appeals desires instruction from the Supreme Court upon the following question: "Cordia Dayhuff sued Brown & Allen for damages, the full value of her husband's

life, arising from his homicide. The defendant filed a special plea in bar to the suit, alleging that Orlando Dayhuff, the husband of the plaintiff, had himself brought an action against the defendant for the same alleged wrongful or negligent act, seeking to recover damages for the total loss of earning capacity and for pain and suffering; that pending his suit the husband died, and the case was prosecuted to judgment by the present plaintiff as his administratrix, the judgment being in favor of the administratrix for the sum of $500.00, which was paid by the defendant; that the said suit and judgment and the payment thereof constituted an estoppel against the plaintiff in her present suit. To this plea in bar the plaintiff demurred on the ground that it set up no valid defense in law to her action. The trial court overruled the demurrer to this plea in bar; whereupon the plaintiff filed exceptions pendente lite. The plaintiff then amended her petition, by way of reply to the special plea, in substance admitting the allegations of fact set out in said plea, but insisting that it constituted no defense in law to the suit. The defendant then demurred to the petition as amended, upon the ground that by reason of the facts set up in the amendment to the plaintiff's petition, with reference to the prior suit by her husband, the plaintiff was estopped from maintaining her present suit. The trial court sustained this demurrer and dismissed the petition; to which action the plaintiff now excepts. Did the suit brought by the husband for the injury to him flowing from the alleged wrongful and negligent act of the defendant, which suit was prosecuted to a judgment in favor of his wife as his administratrix, the judgment being paid by the defendant, constitute a bar to the present suit by the wife for her husband's homicide due to the same alleged wrongful and negligent act of the defendant?"

In accordance with the principle ruled in *Spradlin* v. *Georgia Railway & Electric Co.,* 139 *Ga.* 575 (77 S. E. 799), the question propounded by the Court of Appeals must be answered in the negative. See also, to the same effect, *Nashville, Chattanooga & St. Louis Railway* v. *Hubble,* 140 *Ga.* 368, 374 (78 S. E. 719, L. R. A. 1915E, 1132); Earley *v.* P. E. Ry. Co., 176 Cal. 79 (167 Pac. 513, L. R. A. 1918A, 997-c); Civil Code, § 4424. For a general discussion of this question see Rowe *v.* Richards, 35 S. D. 201 (151 N. W. 1001, L. R. A. 1915E, 1075, and notes); Lhota *v.* Oppenheimer, 247 Pa. 280 (93 Atl. 476, L. R. A. 1915E, 1102, and notes); St.

Louis & San Francisco R. Co. *v.* Goode, 42 Okla. 784 (142 Pac. 1185, L. R. A. 1915E, 1141, and notes).

Upon request of the defendant in error we have reviewed the *Spradlin* case and decline to overrule it.

*All the Justices concur, except Fish, C. J., and Atkinson, J., dissenting.*