## CENTRAL OF GEORGIA RAILWAY CO. *v.* JONES, admx.

This was an action by an employee of a railway company as a common carrier by railroad, to recover for personal injuries sustained by the plaintiff while in the defendant's service. The petition contained no allegation showing whether the plaintiff was entitled to recover under the State law or the Federal employer's liability act. Pending the action the plaintiff died. His widow, who was appointed administratrix upon his estate, was duly made a party plaintiff to the pending suit. *Held,* that an amendment by the personal representative of the deceased employee alleging a cause of action under the Federal employer's liability act, for damages for the pecuniary loss to the designated beneficiaries by the death of the employee, added a new and distinct cause of action — a cause of action not in existence while the employee lived, and its allowance was therefore contrary to State practice, in view of the Civil Code (1910), § 5683, which declares that " No amendment adding a new and distinct cause of action . . shall be allowed, unless expressly provided for by law."

No. 2250. SEPTEMBER 24, 1921. REHEARING DENIED OCTOBER 1, 1921.

Question certified by Court of Appeals (Case No. 10898).

*Jordan & Moore,* for plaintiff in error.

*Emmett Houser* and *T. S. Felder,* contra.

GEORGE, J. The Court of Appeals certified to this court the following questions:

" 1. Where a suit brought against a railroad company by an employee, to recover damages for personal injuries received by him while employed by the defendant, in which there is no allegation showing whether he was entitled to recover under the State statute or the Federal employer's liability act, has, under the State statute, by his death, survived to his administratrix, and where the administratrix, who is his widow, has been properly made a party plaintiff to the suit, is the petition subject to amendment by the administratrix, as the personal representative of the deceased employee, where the amendment alleges a right of action under the Federal employer's liability act, surviving to the administratrix as the personal representative of the deceased em-

ployee, for the benefit of the beneficiaries named in the act, and where it also alleges a right of action under the act in the administratrix as the personal representative of the deceased employee, for the pecuniary loss resulting to the beneficiaries named in the act on account of his death?

" 2. Was such an amendment properly allowed over the following objections offered by the defendant (see p. 23 of the record) : (1) Because the suit brought by the deceased during his lifetime is not amendable by setting up therein or grafting thereon a suit for the right of action given by the statute (the Federal employer's liability act) for the pecuniary loss to the widow and children of the said deceased, caused by his death; (2) because the amendment attempts to set up a new, separate, and independent cause of action; (3) because the cause of action attempted to be declared on by the said amendment did not exist at the time the original suit was brought by the deceased, and cannot be grafted on the original suit by amendment? "

We are advised by the Court of Appeals that this was an action by an employee of a railway company as a common carrier by railroad, to recover for personal injuries sustained by the plaintiff while in the defendant's service. The petition contained no allegation showing whether the plaintiff was entitled to recover under the State statute or the Federal employer's liability act. Pending the action the plaintiff died. His widow, who was appointed as administratrix on his estate, was " properly made a party plaintiff to the suit." The questions make no direct reference to the former decision of the Court of Appeals in this case, when the judgment overruling the demurrer to the plaintiff's petition as amended was reviewed and affirmed by that court. *Central of Georgia Railway Co.* v. *Jones,* 24 Ga. App. 532 (101 S. E. 710). Nevertheless it was there ruled that " Whether the instant case was an action under the State law or under the Federal ' employer's liability act,' it did not abate upon the death of the plaintiff, but survived to his personal representative. (*a*) Under the State law it did not abate. Civil Code (1910), §§ 4421, 5617. (*b*) Under the Federal ' employer's liability act ' as amended April 5, 1910, it did not abate. 36 Stat. 291 (8 Fed. Stat. Ann. (2d ed.) 1378, U. S. Comp. St. § 8665) ; U. S. Rev. Stat. § 955 (6 Fed. Stat. Ann. (2d ed.) 111, and cases cited, U.

S. Comp. Stat. § 1592)." The decision of the Court of Appeals
in this case is of course the law of the case. Conceding, as we
must, that the " right of action " given by the Federal employer's
liability act to the employee suffering the injury survived to his
personal representative for the benefit of the relatives named in
the act, under the amendment of April 5, 1910, and assuming also
that the pending action itself did not abate by the death of the
employee, as held by the Court of Appeals in this case, we are of
the opinion that the declaration might have been amended by the
personal representative after she had been made a party to the
pending suit, by alleging that the employee at the time he re-
ceived the injuries complained of was engaged in interstate com-
merce, and that his injuries were received by the negligence of the.
defendant's servants so engaged, and claiming damages for the
personal loss and suffering of the employee while he lived, for
the benefit of the relatives named in the act. Upon this point
the question is in principle controlled by the decision of this court
in *Gainesville Midland Railway* v. *Vandiver*, 141 *Ga.* 350 (2)
(80 S. E. 997), where it was ruled: " In an action for damages
against a railroad company for personal injuries to an employee,
where the petition sets forth the relation between the injured
person and the railroad company, and describes the circumstances
under which the injury occurs, making out a case of negligence
upon the part of the defendant, but contains no allegation that the
defendant was engaged in interstate commerce at the time of the
injury, the petition is amendable by setting forth allegations to
that effect." See also Missouri &c. Ry. v. Wulf, 226. U. S. 570,
576 (33 Sup. Ct. 135, 57 L. ed. 355, Ann. Cas. 1914B, 134);
S. A. L. Ry. v. Koennecke, 239 U. S. 352 (36 Sup. Ct. 126, 60
L. ed. 324).

But the amendment also alleged a right of action, under
the Federal act, in the personal representative of the deceased em-
ployee, for the pecuniary loss resulting to the beneficiaries named
in the act, on account of the death of the employee. We must
therefore determine whether the amendment as offered was subject
to the objections urged. The first section of the original act (35
Stat. 65, 8 Fed. Stat. Ann. 1208) provides for " two distinct
rights of action, based upon altogether different principles, al-
though primarily resting upon the same wrongful act or neglect.

It invests the injured employee with a right to such damages as will compensate him for his personal loss and suffering — a right which arises only where his injuries are not immediately fatal. And where his injuries prove fatal, either immediately or subsequently (Michigan Central R. Co. *v.* Vreeland, 227 U. S. 68, 57 L. ed. 421, 33 Sup. Ct. Rep. 192; Louisville & St. L. R. R. Co. *v.* Clarke, 152 U. S. 230, 238, 38 L. ed. 422, 424, 14 Sup. Ct. 579), it invests his personal representative, as a trustee for designated relatives, with a right to such damages as will compensate the latter for any pecuniary loss which they sustained by the death." St. Louis &c. Ry. Co. *v.* Craft, 237 U. S. 648 (35 Sup. Ct. 704, 59 L. ed. 1160). The original act made no provision for the survival of the right of action to the injured person, and under the operation of the rule of the common law the right of action died with him. On April 5, 1910, the act was amended by adding the following section, as section 9: " That any right of action given by this act to a person suffering injury shall survive to his or her personal representative, for the benefit of the surviving widow or husband and children of such employee; and, if none, then of such employee's parents; and, if none, then of the next of kin dependent upon such employee; but in such cases there shall be only one recovery for the same injury." 36 Stat. 291, 8 Fed. Stat. Ann. 1378. In Taylor *v.* Taylor, 232 U. S. 363 (34 Sup. Ct. 350, 58 L. ed. 638), it was held that the amendment of April 5, 1910, made no change in section one of the original act. In so far as the amendment alleged a right of action in the personal representative of the deceased for the pecuniary loss resulting to the beneficiaries named in the act, on account of his death, a new and distinct cause of action was added, under the decisions of the Supreme Court of this State. See *Spradlin* v. *Ga. Ry. &c. Co.,* 139 *Ga.* 575 (77 S. E. 799); *Dayhuff* v. *Brown,* 150 *Ga.* 291 (103 S. E. 458). The Civil Code (1910), § 5683, declares that " No amendment adding a new and distinct cause of action shall be allowed, unless expressly provided for by law." It is said, however, that the meaning of section nine of the Federal act (brought into the act by the amendment of April 5, 1910) is that damages for the deceased's personal loss and suffering and for the pecuniary loss to the designated beneficiaries by the death not only may be recovered by the personal representative of the

deceased in one action but must be recovered in one action only, if at all. The ninth section of the act is so interpreted and construed in St. Louis &c. Ry. Co. *v.* Craft, 237 U. S. 648 (35 Sup. Ct. 704, 59 L. ed. 1160). In Mondou *v.* New York &c. R. Co., 223 U. S. 1 (32 Sup. Ct. 169, 56 L. ed. 327, 38 L. R. A. (N. S.) 44), it was held that Congress " may, in the execution of its power over interstate commerce, regulate the relations of common carriers by railroad and their employees while both are engaged in such commerce. . . Those regulations [referring to the employer's liability act] have superseded the laws of the several States in so far as the latter covered the same field. Rights arising under the regulations prescribed by the act may be enforced, as of right, in the courts of the States, when their jurisdiction as fixed by local laws is adequate to the occasion." It is suggested that the policy declared by Congress supersedes the declared policy of the State not only in matter of substance but in manner of procedure also, where, as in this instance, the act of Congress granting the right prescribes the mode of procedure. The language of Mr. Justice Vandeventer in Mondou *v.* New York &c. R. Co., 223 U. S. 1 (construing sec. 6 of the Federal act, also brought into original act by the amendment of April 5, 1910), is pertinent: " We deem it well to observe that there is not here involved any attempt by Congress to enlarge or regulate the jurisdiction of State courts or to control or affect their modes of procedure, but only a question of the duty of such a court, when its ordinary jurisdiction as prescribed by local laws is appropriate to the occasion and is invoked in conformity with those laws, to take cognizance of an action to enforce a right of civil recovery arising under the act of Congress and susceptible of adjudication according to the prevailing rules of procedure." It is agreed that the Federal act insures uniformity of substantive law in every court and in every State in which an action thereunder may be brought. .Reed *v.* Ill. Cent. R. Co., 182 Ky. 445 (206 S. W. 794) ; *Landrum* v. *W. & A. R. Co.,* 146 *Ga.* 88 (90 S. E. 710). It is also agreed that when an act of Congress in regard to a subject within the domain of Congress creates a right upon condition, compliance with the condition is essential, and that the State, under the guise of procedure, can not take away or affect a substantive right created by Congress. The application of

State rules of procedure and practice, under the peculiar facts of this case, will result in some inconvenience. Nevertheless we are of the opinion that no substantive right or defense under the Federal act will be affected by a proper application of the rules of procedure prevailing in this State. We are clear, however, that Congress not only did not attempt to regulate matters of procedure in the State court, but that it had no power to do so. *Small* v. *Slocumb,* 112 *Ga.* 279 (37 S. E. 481, 53 L. R. A. 130, 81 Am. S. R. 50) ; and see also *Ga. So. &c. Ry. Co.* v. *Smiley,* 151 *Ga.* 795 (108 S. E. 273). When Congress creates a right and confers jurisdiction on the courts of the State to enforce the right, it adopts the prevailing rules of procedure in the State. As was held in Mondou *v.* New York &c. R. Co., supra, the " systems of jurisprudence of the State and of the United States together form one system which constitutes the law of the land for the State." Nothing directly decided in Northern Pacific Railway Co. *v.* Maerkl, 198 Fed. 1 (117 C. C. A. 237), is contrary to the conclusions here reached.                    *All the Justices concur.*