A93A1467. BANCA NAZIONALE DEL LAVORO v. SMS HASENCLEVER, GMBH.
(439 SE2d 502)

McMURRAY, Presiding Judge.

SMS Hasenclever, GmbH of Dusseldorf, Germany ("SMS") filed an action against Banca Nazionale Del Lavoro ("BNL") for wrongful dishonor of letters of credit issued by the Central Bank of Iraq ("CBI") and confirmed by BNL's promise to honor the letters of credit pursuant to OCGA § 11-5-107 (2). BNL admitted endorsing CBI letters of credit and issuing confirmation certificates in favor of SMS, but raised several defenses justifying rejection of payment de-

mands submitted by SMS. BNL filed a motion to dismiss based on SMS's failure to join an indispensable party and the parties filed opposing motions for summary judgment.

SMS is a German corporation that contracted to sell forging machinery and spare parts to an Iraqi enterprise known as Nassr Enterprise for Mechanical Industries ("NEMI"). CBI financed most of the transaction via letters of credit and BNL confirmed the letters of credit by agreeing to be responsible for payment to SMS upon presentation of documents affirming delivery and acceptance of the goods in Iraq. Specifically, BNL issued confirmation certificates providing for payment of sixty percent of the value of equipment upon presentation of documents proving shipment to Iraq, ten percent of the value of equipment upon tender of documents proving arrival of goods in Iraq and ten percent of the value of equipment upon presentation of documents proving NEMI's possession and acceptance of goods.

On July 11, 1990, SMS presented documents confirming two June 20, 1990, shipments to Iraq. The shipping documents satisfied all conditions for payment of 60 percent of the value of the goods shipped, but also included the following certification: " 'We declare that the goods are neither of Israeli origin nor do they contain Israeli materials nor are they beeing [sic] exported from Israel.' " In response, BNL transmitted the following facsimile to SMS: "ON BOTH SETS OF DOCUMENTS BOTH INVOICE AND CERTIFICATE OF ORIGIN SHOW ANTI-ISRAELI BOYCOTT DECLARATION WHICH ARE CONTRARY TO U. S. EXPORT LAWS. THEREFORE DOCUMENTS REMAIN UNPAID AT OUR COUNTERS AT YOUR DISPOSAL PENDING YOUR URGENT INSTRUCTIONS. . . . PLEASE NOTE THAT WE MUST RECEIVE YOUR RESPONSE BY JULY 19, 1990 AFTER THIS DATE WE WILL RETURN DOCUMENTS [FOR] OUR FULL DISCHARGE." SMS then attempted to acquire shipping documents that did not include the anti-Israeli certifications. However, the endeavor floundered because Iraqi officials were unavailable to confirm the replacement documents.

SMS later presented documents confirming arrival of the goods in Iraq. BNL refused these presentations, claiming the ten percent arrival on-site payments were contingent upon the sixty percent shipping payments.

The trial court denied BNL's motion to dismiss and motion for summary judgment and granted SMS's motion for summary judgment, awarding damages in excess of $17,309,639. This appeal followed. *Held*:

1. In its first and second enumerations, BNL contends the trial court erred in denying its motion for summary judgment and granting summary judgment in favor of SMS.

"A letter of credit transaction basically involves three contracts. The contract of sale between the buyer and seller. A contract between the buyer and a bank under which the bank issues the 'letter of credit' on behalf of its customer — the buyer. The third contract is between the bank and the seller, the beneficiary of the letter of credit — in essence stating, upon presentation of the documentation required by the letter of credit I will honor your draft." *First Nat. Bank of Atlanta v. Wynne,* 149 Ga. App. 811, 814 (1) (256 SE2d 383). "A confirming bank by confirming a credit becomes directly obligated on the credit to the extent of its confirmation as though it were its issuer. . . ." OCGA § 11-5-107 (2).

In the case sub judice, it is undisputed that SMS strictly complied with all terms and conditions for payment under the confirmation certificates issued by BNL. See *First Nat. Bank of Atlanta v. Wynne,* 149 Ga. App. 811, 814 (1), 815-817, supra. However, BNL argues that it is not obliged to pay because SMS impaired its ability to collect from CBI by presenting shipping documents with anti-Israeli certifications. Specifically, BNL reasons that any future attempt to seek reimbursement via transmission of the shipping documents to CBI may constitute a violation of 50 USCA § 2402 (5), a federal statute prohibiting letters of credit which contain a condition or requirement for compliance with a boycott of a country friendly to the United States. 15 CFR § 769.2 (f) (1).

"One cannot ordinarily utilize advantageously his own fault as an exit of escape from the performance of his contractual obligations." 17A CJS 601, Contracts, § 459. See *A. M. Kidder & Co. v. Clement A. Evans & Co.,* 111 Ga. App. 484, 487 (1), 488 (142 SE2d 269). In the case sub judice, any future difficulty BNL may encounter in presenting documents to CBI for reimbursement because of a violation of 50 USCA § 2402 (5) would necessarily be the result of its own violation of federal antiboycott law. This is not recognition, however, that BNL has violated federal law. It is simply acknowledgment that any such violation with regard to implementing letters of credit which contain conditions or requirements for compliance with a prohibited foreign boycott "applies only with respect to a United States person's activities taken with intent to comply with, further, or support an unsanctioned foreign boycott." 15 CFR § 769.2 (f) (6).[1] It thus becomes apparent that the presence of shipping documents with anti-Israeli certifications is not the stumbling block for reimbursement from CBI, but is simply circumstantial proof that such a hazard exists. See 15

---

[1] "Intent in this context means the reason or purpose for one's behavior. It does not mean that one has to agree with the boycott in question or desire that it succeed or that it be furthered or supported. But it does mean that the reason why a particular prohibited action was taken must be established." 15 CFR § 769.1 (e) (4).

CFR § 769.1 (e) (5). Consequently, BNL's defense that it was not obligated to honor the confirmation certificates because SMS impaired its ability to collect from CBI by presenting shipping documents with anti-Israeli certifications must fall.

2. BNL contends the parties entered into an accord and satisfaction when SMS agreed to submit replacement documents (without anti-Israeli certifications) in exchange for BNL's promise to accept the replacement documents after expiration of time for payment under the confirmation certificates. This assertion is not supported by the record.

The trial court did not err in granting SMS's motion for summary judgment and in denying BNL's motion for summary judgment.

3. In its final enumeration, BNL contends the trial court erred in denying its motion to dismiss based on SMS's failure to join "the United States Office of Antiboycott Compliance" as an indispensable party. BNL claims that joinder of the federal agency charged with enforcing 50 USCA § 2402 (5) is necessary to determine whether BNL may transmit the shipping documents with anti-Israeli certification to CBI without violating 50 USCA § 2402 (5), thus resolving the validity of BNL's defense that SMS impaired its ability to collect from CBI.

A party is indispensable if full justice cannot be done in the party's absence. OCGA § 9-11-19 (a) (1); *Pickett v. Paine*, 230 Ga. 786, 796 (4a) (199 SE2d 223). In Division 1 of this opinion, a determination of any violation of 50 USCA § 2402 (5) was unnecessary to resolve BNL's claim that SMS impaired its ability to gain reimbursement from CBI. Consequently, no reason exists for joining the federal agency charged with enforcing 50 USCA § 2402 (5).

The trial court did not err in denying BNL's motion to dismiss.
*Judgment affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED OCTOBER 28, 1993 —
RECONSIDERATION DENIED DECEMBER 14, 1993 —

*King & Spalding, Richard A. Schneider, Jobeth Halper*, for appellant.
*Alston & Bird, Steven M. Collins, Patrick M. Norton, Jennifer B. Moore*, for appellee.