A94A1321. GREENE COUNTY HOSPITAL AUTHORITY et al. v. WALDROUP et al.
(451 SE2d 62)

SMITH, Judge.

This is the second appearance of this case on appeal. Kathy Waldroup, individually and as guardian of Jerry Waldroup, brought an action against Greene County Hospital Authority, Minnie G. Boswell Memorial Hospital, Dr. James E. Southerland, and Nurse Stembridge, seeking damages for medical bills, pain and suffering, and loss of consortium arising from alleged medical malpractice, as well as pu-

nitive damages. The trial court dismissed the complaint for failure to file appropriate affidavits as required by OCGA § 9-11-9.1. This court affirmed the dismissal with respect to the hospital and the nurse, but allowed Waldroup to proceed against the doctor. *Waldroup v. Greene County Hosp. Auth.*, 204 Ga. App. 256 (419 SE2d 36) (1992).

During the pendency of the earlier appeal Jerry Waldroup died. Thereafter, Kathy Waldroup sought and received permission to amend her complaint to reinstate the hospital and nurse as parties defendant. She then filed a "First Amended Complaint" "individually and as administratrix of the estate of Jerry Waldroup" naming the same defendants, including those earlier dismissed by the trial court. This amended complaint again sought damages for medical bills, pain and suffering, loss of consortium, and punitive damages, and it added a claim for the full value of Jerry Waldroup's life.

The hospital and the nurse answered the amended complaint, raising as a defense the previous dismissal of the complaint against them. Their motion for summary judgment on the basis of collateral estoppel or estoppel by judgment was denied, and their application for interlocutory appeal was granted.

The issue presented here is straightforward, although one of first impression: If a plaintiff brings suit individually and as representative of an injured person, and the complaint is dismissed against some of the parties for failure to file an OCGA § 9-11-9.1 affidavit, may that plaintiff thereafter amend her complaint to add a claim for wrongful death arising out of the same incident and reassert her earlier claims against the dismissed parties as administrator of the estate? We hold that she may not.

In the majority of states "a judgment for or against the decedent in an action for his injuries commenced during his lifetime, or the compromise and release of such an action, will operate as a bar to any subsequent suit founded upon his death. The wrongful death action for the benefit of survivors is, like other actions based on injuries to others, derivative in nature, arising out of and dependent upon the wrong done to the injured person and thus barred when his claim would be barred." W. P. Keeton et al., Prosser & Keeton on the Law of Torts, § 127, p. 955 (5th ed. 1984).

The existing Georgia law governing res judicata and collateral estoppel supports adoption of this majority rule. Collateral estoppel and res judicata are related but distinct concepts. "Under the doctrine of res judicata, a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action. Under the doctrine of collateral estoppel, on the other hand, the second action is upon a different cause of action and the judgment in the prior suit precludes relitigation of issues actually litigated and necessary to the outcome of the first action." (Citations

and punctuation omitted.) *Sorrells Constr. Co. v. Chandler Armentrout & Roebuck, P. C.*, 214 Ga. App. 193, 194 (447 SE2d 101) (1994).

1. With respect to the cause of action for wrongful death asserted by Waldroup in the amended complaint, the doctrine of collateral estoppel applies. Under this theory, the earlier decision bars further action if the same issues were litigated in the previous action by the parties or those in privity with the parties, though upon a different cause of action. *Smith v. Wood*, 115 Ga. App. 265, 266-267 (154 SE2d 646) (1967). The issues in the prior action must have been actually litigated and decided, and they must have been necessary to the prior decision. *Boozer v. Higdon*, 252 Ga. 276, 278 (1) (313 SE2d 100) (1984).

Here, the amended complaint addresses the same issues, although stating a different cause of action. All Waldroup's claims arise out of the acts performed by the doctor, nurse and hospital on May 5, 1988, and allegedly constituting malpractice on Mr. Waldroup. The amended complaint repeats the factual allegations of the original complaint almost verbatim. Because of the derivative nature of the wrongful death action, the identity of subject matter is clear.

The central issue litigated on the earlier appeal was whether Waldroup's affidavits were adequate to state a claim under OCGA § 9-11-9.1. The parties fully litigated this issue in the first phase of this action, and the trial court determined that Waldroup failed to fulfill the requirements of OCGA § 9-11-9.1 and dismissed the complaint for failure to state a claim for medical malpractice. This court affirmed the trial court's dismissal of the complaint for failure to state a claim against the hospital and the nurse, thus concluding the action against them on the basis of that ruling. "[F]or the judgment in the former decision . . . to be conclusive, it must have been based not merely on purely technical grounds, but in part on the merits where under the pleadings they were or could have been involved." *Oxendine v. Elliott*, 170 Ga. App. 422, 430 (317 SE2d 555) (1984).

A dismissal for failure to file an affidavit under OCGA § 9-11-9.1 is a final adjudication on the merits. That Code section itself provides: "if a plaintiff fails to file an affidavit as required by this Code section . . . such complaint is subject to dismissal for failure to state a claim." OCGA § 9-11-9.1 (e). It cannot be renewed or amended without a judicial determination that the affidavit was available but not filed due to mistake. OCGA § 9-11-9.1 (e), (f). The Georgia Supreme Court has held that "[a] complaint is subject to dismissal for failure to state a claim when the plaintiff fails to file an expert affidavit as required. [Cit.] A dismissal for failure to state a claim is a dismissal on the merits. [Cit.]" *Lutz v. Foran*, 262 Ga. 819, 824 (4) (427 SE2d 248) (1993).

Waldroup contends that issues of negligence must be reached and

passed upon by the court for collateral estoppel to apply. Although the allegations of Waldroup's first complaint were not tried before a jury, this is not necessary for an issue to be "litigated and decided" for purposes of collateral estoppel. The trial court determined that Waldroup had failed to state a claim for medical malpractice, and that decision was affirmed by this court. An analogy exists predating the Civil Practice Act: " 'In order that a judgment or decree should be on the merits, it is not necessary that the litigation should be determined on the merits, in the moral or abstract sense of these words. It is sufficient that the status of the action was such that the parties might have had their suit thus disposed of, if they had properly presented and managed their respective cases. . . . A finding against a party . . . that his cause of action as shown by him, is barred by the statute of limitations or by laches is a decision upon the merits, concluding the right of action.' [Cits.]" *Gamble v. Gamble*, 204 Ga. 82, 88-89 (1) (48 SE2d 540) (1948). The same may be said of a final disposition based on other affirmative defenses, including failure to state a claim, of issues that would have been otherwise litigated. Such dispositions are nevertheless "litigated and decided" by the trial court. Thus, Waldroup's contention that a dismissal under OCGA § 9-11-9.1 is "upon purely technical grounds" must fail.

2. With respect to the causes of action alleged by Waldroup against the hospital and the nurse common to both the original and amended complaints, the doctrine of res judicata applies. "A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside." OCGA § 9-12-40. The test is similar to that for collateral estoppel, requiring three elements: "(1) identity of the parties, including their privies; (2) identity of the cause of action; and (3) adjudication by a court of competent jurisdiction." (Citations and punctuation omitted.) *McIver v. Jones*, 209 Ga. App. 670, 672 (434 SE2d 504) (1993). The claims raised in the original complaint have been adjudicated and affirmed on appeal, thus binding the trial court in all subsequent proceedings. See OCGA § 9-11-60 (h). With respect to the claims asserted in the original complaint and again in the amended complaint, the earlier ruling of this court is res judicata and the law of the case as between the same parties.

3. Finally, we must consider whether the requirement of privity is fulfilled, making the plea of res judicata or collateral estoppel available against Waldroup's amended complaint. See *Stiltjes v. Ridco Exterminating Co.*, 197 Ga. App. 852, 853 (399 SE2d 708) (1990), aff'd sub nom. *Ridco Exterminating Co. v. Stiltjes*, 261 Ga. 697 (409 SE2d 847) (1991). In the first complaint, Waldroup brought the action both

individually, for loss of consortium, and in a representative capacity as guardian on behalf of Mr. Waldroup, for medical and other expenses and pain and suffering. In her amended complaint, Waldroup sued individually for consortium and wrongful death, see OCGA § 51-4-2, and in a representative capacity as administratrix of Mr. Waldroup for medical and other expenses and for pain and suffering. See *Smith v. Mem. Med. Ctr.*, 208 Ga. App. 26, 27 (1) (430 SE2d 57) (1993).

While we held in *Stiltjes* that a plaintiff in a fiduciary capacity was a legally different person from the same plaintiff in her individual capacity, that holding is not dispositive here. In *Stiltjes* the plaintiff brought an earlier suit in an individual capacity only, then brought a second suit in a representative capacity only. Here, Waldroup appeared throughout this action in both her individual and representative capacities, acting as representative for the same individual at all times before and after his death. " 'Privity connotes those who are in law so connected with a party to the judgment as to have such an identity of interest that the party to the judgment represented the same legal right; and where this identity is found to exist, all are alike concluded and bound by the judgment.' [Cit.]" *Smith v. Wood* at 269 (4). Throughout this action Waldroup appeared both in her individual capacity and as the representative of Mr. Waldroup. She fulfilled the same function both as guardian of Mr. Waldroup and as administrator of his estate, representing one who was unable to act as a party because of disability or death. In both instances, her interest was identical: pursuit of Mr. Waldroup's claims arising out of the alleged malpractice. Amendment of the complaint did not serve to create a separate legal identity and destroy privity.

We conclude that the identity of parties is complete, the principles of res judicata and collateral estoppel apply, and Waldroup's amended complaint reviving her claims against the hospital and the nurse is barred by the litigation and dismissal of her original complaint.

*Judgment reversed. Pope, C. J., and McMurray, P. J., concur.*

DECIDED OCTOBER 26, 1994 —
RECONSIDERATION DENIED NOVEMBER 28, 1994 —

*Lokey & Bowden, Malcolm Smith*, for appellants.

*Kilpatrick & Cody, Alan R. Perry, Jr., John F. Beasley, Jr., Matthew H. Patton, Blasingame, Burch, Garrard & Bryant, Gary G. Blasingame, H. Samuel Atkins, Jr.*, for appellees.