A95A0405. WINDING RIVER VILLAGE CONDOMINIUM ASSOCIATION, INC. et al. v. BARNETT.
(459 SE2d 569)

BLACKBURN, Judge.

The appellants, Winding River Village Condominium Association, Inc. (Winding River), and Perry Realty Services, Inc. (Perry Realty), appeal from the trial court's grant of appellee Harvey Barnett's motion for partial summary judgment in this wrongful death action.

In March 1989, Barnett and his family resided at Winding River Village Condominiums in Fulton County. On March 23, 1989, Barnett's 22-month-old daughter Rachel gained access to the condominium's swimming pool, fell into the pool, and nearly drowned. Rachel, through Barnett as her father and next friend, filed a personal injury action in the State Court of Fulton County against Perry Realty and Winding River for the catastrophic brain damage she sustained as a result of the fall into the swimming pool. Barnett, in his individual capacity, also sought damages for past and future medical, nursing, and rehabilitation expenses incurred in caring for the child.

The case was assigned to court-sponsored compulsory, non-binding arbitration pursuant to Local Rule 1000, and the arbitration panel awarded $1,250,000 on Rachel's personal injury claim and $500,000 on Barnett's claim for medical and rehabilitation expenses. Neither side appealed the arbitration award, and the award became the judgment of the court.

On October 6, 1992, Rachel died allegedly as a result of the injuries that she received when she fell into the pool, and Barnett subsequently instituted the instant action. Perry Realty and Winding River filed motions for summary judgment, and Barnett moved for partial summary judgment in his favor. Perry Realty and Winding River also moved to join Rachel's mother, Laura Barnett, as a necessary party. Rachel was in her mother's care at the time she fell into the pool.

Perry Realty and Winding River asserted that Laura Barnett's negligence caused or contributed to her daughter's injuries. The trial court initially denied the parties' summary judgment motions and also denied Perry Realty and Winding River's motion to add Mrs. Barnett. However, upon reconsideration at Barnett's request, the trial court granted Barnett's motion for summary judgment as to the issues of Perry Realty and Winding River's negligence and whether such negligence was the proximate cause of Rachel's injuries.

1. Perry Realty and Winding River maintain that the trial court erred in denying their motion for summary judgment because the recovery in the prior action extinguished any right to pursue a wrongful death action. We disagree.

In *Dayhuff v. Brown & Allen*, 150 Ga. 291, 292 (103 SE 458) (1920), this Court certified the following question to the Supreme Court: "Did the suit brought by the husband for the injury to him flowing from the alleged wrongful and negligent act of the defendant, which suit was prosecuted to a judgment in favor of his wife as his administratrix, the judgment being paid by the defendant, constitute a bar to the present suit by the wife for her husband's homicide due to the same alleged wrongful and negligent act of the defendant?" The Supreme Court, relying upon its earlier decision in *Spradlin v. Ga. R. &c. Co.*, 139 Ga. 575 (77 SE 799) (1913), answered the question in the negative and refused to overrule *Spradlin*.

In *Spradlin*, the decedent died during the pendency of his personal injury action against the tortfeasor, and the administrator of the estate was substituted as the party plaintiff. The decedent's wife subsequently instituted a wrongful death action. The administrator's suit proceeded to trial and resulted in a verdict in favor of the tortfeasor. The *Spradlin* Court concluded that an action brought by an administrator on behalf of the estate for personal injuries would not bar a wrongful death action brought by the widow. The Court noted that the administrator could not recover for the full value of the life of the deceased since such recovery was for the widow alone. Id. See also OCGA § 51-4-2 (a). The Court rejected the application of the doctrine of estoppel by judgment because the causes of action were so different and the damages recoverable in one action were not recoverable in the other. In addition, the widow was not a party to the prior action. The Court further recognized that two causes of action may arise from the same tortious transaction. Id.

We believe that *Dayhuff* and *Spradlin* are controlling under the facts presented herein. The damages recoverable in the present wrongful death action, that is, the full value of the life of the child and the expenses resulting from the death of the child, were not recoverable in the prior action arising from the child's permanent injuries. See OCGA §§ 19-7-1; 51-4-5. Therefore, Barnett's wrongful death

action was not barred by the prior personal injury action.

Our recent decision of *Greene County Hosp. Auth. v. Waldroup*, 215 Ga. App. 344 (451 SE2d 62) (1994), relied upon by Perry Realty and Winding River, does not demand a different result. In *Waldroup*, we held that a plaintiff who brought an action in her individual capacity and as guardian of an injured person could not amend her complaint to add a claim for wrongful death arising from the same incident and reassert her claims as administratrix of the estate following the dismissal of some of the parties based upon her failure to file an affidavit as required under OCGA § 9-11-9.1. The *Waldroup* court held that the doctrine of collateral estoppel applied to the wrongful death action and the plaintiff was precluded from relitigating the issues litigated in the previous action, such as the negligence of the defendants. Since the plaintiff failed to file the appropriate expert affidavits, the complaint was subject to dismissal for failure to state a claim, and such a dismissal constituted a dismissal on the merits. Although the *Waldroup* court stated the majority rule which bars a subsequent wrongful death suit following the entry of judgment for or against a decedent in a personal injury action, this language was mere dicta inasmuch as the court decided the narrow issue presented on the principles of collateral estoppel and res judicata. In fact, the rationale used in *Waldroup* supports the conclusion reached in the case at bar based upon the facts presented herein.

2. Next, Perry Realty and Winding River maintain that the trial court erred in granting Barnett's motion for summary judgment on the issue of their negligence and whether their negligence proximately caused Rachel's injuries. Specifically, they assert that the doctrine of estoppel by judgment has not been used offensively in Georgia, and assert that the use of the doctrine in the present case would be unfair since they did not foresee the prosecution of a wrongful death action.

The doctrine of estoppel by judgment prevents relitigation in a subsequent suit involving a different cause of action on a matter which was actually adjudicated in a former case. *Miller v. Charles*, 211 Ga. App. 386 (439 SE2d 88) (1993). See also *McFadden Business Publications v. Guidry*, 177 Ga. App. 885 (1b) (341 SE2d 294) (1986). Contrary to Perry Realty and Winding River's assertions, the doctrine has been successfully asserted by plaintiffs in subsequent litigation. See id.; see also *Reese Realty Co. v. Pal Realty Co.*, 182 Ga. App. 215 (355 SE2d 125) (1987). In the present case, in reaching its decision, the arbitration panel necessarily decided that Perry Realty and Winding River were negligent and their negligence was a proximate cause of the decedent's injuries. Therefore, the trial court was correct in granting Barnett's partial motion for summary judgment on those issues. Id.

3. Lastly, Perry Realty and Winding River assert that the trial

court erred in denying their motion to add Laura Barnett, Rachel's mother, as a party plaintiff so that issues concerning her negligent supervision could be litigated. We agree.

OCGA § 9-11-19 (a) (1) provides that a person who is subject to service shall be joined as a party if complete relief cannot be afforded in his absence. This court has stated that the test for whether a party is considered indispensable under this provision is "if full justice cannot be done in the party's absence." *Banca Nazionale Del Lavoro v. SMS Hasenclever*, 211 Ga. App. 360, 363 (439 SE2d 502) (1993). Because full justice cannot be done unless Laura Barnett is added as a party to this lawsuit, the trial court erred in denying defendants' motion to add Laura Barnett as a party.

As Perry Realty and Winding River correctly argue, they are entitled to assert different defenses in the wrongful death action than they were able to assert in the prior action. See *Fulford v. ITT Rayonier*, 676 FSupp. 252 (S.D. Ga. 1987). In the prior action, under OCGA § 51-2-1, the issue of the contributory negligence of Laura Barnett, if any, was not relevant since the negligence of a parent is not imputable to a child in an action for personal injuries by the child nor was Laura Barnett a plaintiff in the action. However, in an action for wrongful death, a parent's contributory negligence may be raised and is relevant. See generally *Fulford*, supra; *Hall v. Lewis*, 135 Ga. App. 730 (218 SE2d 706) (1975).

While Laura Barnett's negligence may not bar Mr. Barnett's recovery, her contributory negligence is relevant to the instant case. "Georgia courts have long held that the 'contributory negligence of one beneficiary in a wrongful death action does not defeat recovery when the right to recovery exists in multiple beneficiaries.'" (Citations omitted.) *Matthews v. Douberley*, 207 Ga. App. 578, 581 (1) (428 SE2d 588) (1993). However, the total amount of the damage award in a wrongful death action may be reduced due to the contributory negligence of one of the beneficiaries. Id.

In *Matthews*, the husband of the decedent brought a wrongful death action in his individual capacity and also as the representative of the decedent's only child. This court upheld the jury verdict awarding one-half of the value of the decedent's life to the child and nothing to the husband. The court also held that the jury was authorized to find that the husband's contributory negligence could not reduce the one-half recoverable by the other beneficiary, but could reduce the one-half award of the contributorily negligent beneficiary. *Matthews*, supra at 583.

Barnett does not argue that the doctrine of estoppel by judgment bars litigation of Laura Barnett's contributory negligence, because he concedes that these issues were not adjudicated in the prior suit. He does contend, however, that the issue of Laura Barnett's negligence

can be determined in her absence. But, there is no authority for this proposition. Cases cited by Barnett in his response to defendants' motion to add Laura Barnett as a party refer to the adjudication of the negligence of decedents, who, of course, cannot be parties to an action. Further, Barnett contends that the court could apportion the award pursuant to OCGA § 19-7-1 (c). But, this statute applies only to situations in which the spouses are divorced, separated, or living apart and provides for a hearing as to each parent's relationship with the child. This is not applicable in the instant case.

*Judgment affirmed in part and reversed in part. McMurray, P. J., and Andrews, J., concur.*

DECIDED JUNE 21, 1995 —
RECONSIDERATION DENIED JULY 17, 1995 — ■

*Gorby & Reeves, Michael J. Gorby, Amanda R. H. Burri, Swift, Currie, McGhee & Hiers, Stephen L. Cotter, Dennis A. Brown,* for appellants.

*Wood & Meredith, Hugh C. Wood, Dwight A. Meredith,* for appellee.

*Goldner, Sommers, Scrudder & Bass, Henry E. Scrudder,* amicus curiae.